[Cite as *AKC, Inc. v. ServiceMaster Residential Commercial Servs., Ltd.*, 2014-Ohio-2627.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| AKC, INC. | C.A. No. 27070 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SERVICEMASTER RESIDENTIAL COMMERCIAL SERVICES, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2013 01 0511 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: June 18, 2014

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, AKC, Inc. ("AKC"), appeals from the judgment of the Summit County Court of Common Pleas, dismissing its action against ServiceMaster Residential Commercial Services, LTD, dba ServiceMaster Clean ("ServiceMaster"). This Court reverses.

I

{¶2} ServiceMaster "is the franchisor of a commercial and residential cleaning and disaster restoration service business system." On January 11, 2008, AKC signed two franchise agreements ("Agreements") with ServiceMaster. The Agreements contained identical choice of law and forum selection clauses. The choice of law clause required that the law of Tennessee be applied unless "the state in which the Franchised Business is located has enacted legislation regulating franchising which requires that the law of that state shall apply to the relationship created by th[e] Agreement." The forum selection clause required all claims be brought in

Memphis, Tennessee unless the law to be applied under the choice of law clause provided otherwise.

{¶3} On January 23, 2013, AKC filed a complaint against ServiceMaster in the Summit County Court of Common Pleas alleging breach of contract, false and misleading representations, and deceptive trade practices. AKC also requested a declaratory judgment that the non-compete covenants in the Agreements were unenforceable. ServiceMaster removed the case to federal court, but it was remanded shortly thereafter because the amount in controversy was less than $75,000, destroying the federal court's diversity jurisdiction. On remand to the Summit County Court of Common Pleas, ServiceMaster filed motions to dismiss and compel arbitration, to transfer venue to Tennessee, and to dismiss for lack of subject matter jurisdiction and improper venue. AKC filed memorandums in opposition, and the court held a hearing on July 24, 2013. On August 12, 2013, the court issued an order finding that the forum selection clauses in the Agreements were enforceable and dismissed AKC's complaint. AKC now appeals and raises three assignments of error for our review. To facilitate the analysis, we consolidate two of the assignments of error and address them out of order.

II

Assignment of Error Number Two

THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT BECAUSE THE FORUM SELECTION CLAUSE OF THE FRANCHISE AGREEMENT IS ILLEGAL PURSUANT TO THE OHIO REVISED CODE SECTION 1334.06(E).

{¶4} In its second assignment of error, AKC argues that the court erred in determining that the exception to the forum selection clause in the Agreements did not apply.

{¶5} "Interpretation of clear and unambiguous contract terms is a matter of law, thus, we conduct a de novo review." *GMS Mgt. Co., Inc. v. Vliet*, 9th Dist. Summit No. 22807, 2006-

Ohio-515, ¶ 7, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995). "Where the terms of the contract are not ambiguous, courts are constrained to apply the plain language of the contract." *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, ¶ 18.

{¶6} Section 25.4 of the franchise agreement provides:

Jurisdiction and Venue. Unless the law applied in accordance with Paragraph 25.1 of this Agreement[, choice of law clause,] provides otherwise, all litigation, court proceedings, arbitration proceedings, mediation proceedings, lawsuits, court hearings and other hearings initiated by the Franchisor or the Franchisee must and will be venued exclusively in Memphis, Tennessee. The Franchisee, each of its officers, directors and shareholders, if any, and personal guarantors, if any, do hereby agree and submit to personal jurisdiction in the State of Tennessee for the purposes of any suit, proceeding or hearing brought to enforce or construe the terms of this Agreement or to resolve any dispute or controversy arising under, as a result of or in connection with the Agreement or the parties' relationship. The parties do hereby agree and stipulate that any such suits, proceedings and hearings will be exclusively venued and held in Memphis, Tennessee. The Franchisee and each of its officers, directors and shareholders, if any, and the personal guarantors, if any, waive any rights to contest such venue and jurisdiction and any claims that such venue and jurisdiction are invalid.

Section 25.1 states:

Governing Law. This Agreement takes effect upon its acceptance and execution by the Franchisor in the State of Tennessee, and except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. § 1051 et seq.), shall be interpreted and construed under the laws of the State of Tennessee, which laws shall prevail in the event of any conflict of law. Notwithstanding the foregoing, if the state in which the Franchised Business is located has enacted legislation regulating franchising which requires that the law of that state shall apply to the relationship created by this Agreement, it is agreed that this Agreement shall be interpreted and construed under the laws of the state in which the Franchised Business is located.

{¶7} A choice of law clause is separate and distinct from a forum selection clause. *EI UK Holding, Inc. v. Cinergy UK, Inc.*, 9th Dist. Summit No. 22326, 2005-Ohio-1271, ¶ 23. The choice of law clause, in section 25.1 of the Agreements, requires that a court apply Tennessee law unless the state in which the franchised business is located has enacted legislation that

applies "to the relationship created by [the Franchise] Agreement." In analyzing this choice of law provision, the necessary inquiry is on the relationship created by the contract and not on the claims raised. Separate and distinct from the choice of law provision is the forum selection clause. That clause, in section 25.4 of the Agreements, requires that all claims be filed in Memphis, Tennessee unless the governing law, determined by the choice of law clause, provides otherwise.

{¶8} Therefore, before the trial court can decide which venue is proper under the Agreements, it must determine which state law governs. However, it does not appear that the trial court engaged in this analysis. There is no indication that the trial court considered whether the Agreements were a Business Opportunity Plan covered under R.C. 1334 et seq. or if one of the numerous exceptions applied. *See* R.C. 1334.12 and R.C. 1334.13. Because the court did not address the choice of law provision, which must necessarily be decided before venue, we reverse and remand for the court to consider the choice of law provision in the first instance.

{¶9} AKC's second assignment of error is sustained.

Assignment of Error Number One

THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT BECAUSE THE FORUM SELECTION CLAUSE OF THE FRANCHISE AGREEMENT IS UNENFORCEABLE BY ITS OWN TERMS.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN DISMISSING THE CASE BY DETERMINING THAT THE ENFORCEMENT OF VENUE SELECTION CLAUSE OF THE FRAN[C]HISE AGREEMENT WOULD NOT BE UNREASONABLE OR UNJUST.

{¶10} In its first and third assignments of error, AKC argues that the court erred in enforcing the forum selection clause in the Agreements. In light of our resolution of AKC's second assignment of error, its first and third assignments of error are not yet ripe for review.

III

**{¶11}** AKC's second assignment of error is sustained. Its first and third assignments of error are not yet ripe for review. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MICHAEL T. CALLAHAN and CANDACE KIM-KNOX, Attorneys at Law, for Appellant.

DANIEL F. GOURASH and JAZMYN J. STOVER, Attorneys at Law, for Appellee.

MICHAEL R. GREY, Attorney at Law, for Appellee.