DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, EI UK Holdings, Inc. ("EI UK"), appeals from the decision of the Summit County Court of Common Pleas that granted the motion to dismiss of Appellees, Cinergy UK, Inc. and Cinergy Corp. (collectively, "Cinergy"). We reverse.
 I. {¶ 2} EI UK is a Delaware corporation with its principal place of business in Akron, Ohio, and is an indirect subsidiary of FirstEnergy Corp., an Ohio corporation with a principal place of business also in Akron. Cinergy UK, Inc. is also a Delaware corporation with a principal place of business in Cincinnati, Ohio, and is a wholly-owned subsidiary of Cinergy Corp., a holding company with its principal place of business also in Cincinnati. Both EI UK and Cinergy UK had ownership interests in foreign business entities. Specifically, EI and Cinergy each owned 50% of the shares of Avon Energy Partners Holdings, an English corporation. Avon Energy Partners Holdings in turn owned all outstanding shares of another English corporation, Avon Energy Partners plc, which in turn owned all shares of Midlands Electricity plc, a regional electric company also located in England.
 {¶ 3} On or about June 30, 1999, EI UK and Cinergy UK entered into a Capital Reduction Agreement ("Agreement"), by which EI UK was to acquire Cinergy UK's 50% interest in Avon Energy Partners Holdings, while allowing Cinergy UK to retain certain assets and businesses of Midlands Electricity. In addition, the Agreement also contained a provision regarding Uch Power Limited, a subsidiary company of Midlands Electricity involved in a power project in Pakistan, the Uch Power Project. Per the Agreement, Cinergy was obligated to fund certain contributions or losses in connection with this Project; specifically, Cinergy was to make certain payments to EI in the event of an Uch Power Project cash loss.
 {¶ 4} The Agreement specified that it was to be governed by the laws of the State of New York, and also contained a forum selection clause, which states the following:
"11.10 Jurisdiction; Venue; Waiver of Jury Trial
"(a) Each of the Parties hereby irrevocably and unconditionally submits to the non-exclusive jurisdiction of any New York State court or Federal court of the United States of America sitting in New York City, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Agreement or for the recognition or enforcement of any judgment, and hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such New York State or, to the extent permitted by law, in such Federal court. Each Party agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other matter provided by law.
"(b) Each of the Parties hereby irrevocably and unconditionally waives, to the fullest extent it may legally and effectively do so, any objection which it may now or thereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement in any New York State or Federal court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, the defense of any inconvenient forum to the maintenance of such action or proceeding in any such court."
 {¶ 5} In a Letter Agreement dated July 15, 1999, Cinergy Corp. guaranteed Cinergy UK's obligations under the Agreement. The letter also contained a forum selection clause similar to that contained in the Agreement.
 {¶ 6} On March 14, 2004, EI UK filed a complaint against Cinergy in the Summit County Court of Common Pleas. In this complaint, EI UK asserted that Cinergy had failed to make any payment to EI UK, and that Cinergy has maintained through correspondence that their indemnification obligation has not yet been triggered. EI UK asserted breach of contract claims individually against Cinergy UK and Cinergy Corp., sought indemnification from Cinergy UK for costs, expenses, and damages incurred as a result of Cinergy's alleged breach, and declaratory judgment of Cinergy's joint and several liability to EI UK and an obligation to pay EI UK as a result of the sale of the interest in the Uch Project to a third party unaffiliated with EI UK.
 {¶ 7} On April 22, 2004, Cinergy filed a motion to dismiss the complaint, asserting improper venue and failure to state a claim upon which relief can be granted, and also requested oral argument on the motion. EI UK opposed the motion.
 {¶ 8} On August 18, 2004, the trial court issued an order that granted Cinergy's motion to dismiss and denied Cinergy's request for a hearing on the motion. The court found that the forum selection clause in the Agreement was valid and enforceable, and that venue in Summit County was improper. It is from this order that EI UK now appeals.
 {¶ 9} EI UK timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred as a matter of law in Interpreting the underlying contract's Jurisdictional clause, which provides only that a dispute `may be heard' by the new york courts and that such courts have `non-exclusive' Jurisdiction, as mandating that the state of New York shall have `exclusive' jurisdiction over any dispute."
 {¶ 10} In its sole assignment of error, EI UK maintains that the trial court erred when it concluded that venue in Ohio was improper. We agree.
 {¶ 11} This Court reviews a trial court's decision to grant a motion to dismiss de novo. Hamrick v. Daimler-Chrysler Motors, 9th Dist. No. 02CA008191, 2003-Ohio-3150, at ¶ 5.
 {¶ 12} Initially, we note that that Summit County is a proper venue for this suit under Civ.R. 12(B)(3), because EI UK's principal place of business in Summit County. See Civ.R. 3(B)(11). Simply because parties have agreed to proceed with a case in a non-Ohio court system does not make venue improper elsewhere. Therefore, dismissal for improper venue was improper for this reason. See Ins. Co. of North Am. v. Gould, Inc.
(July 28, 1994), 8th Dist. Nos. 66595, 66675, 66681, 66693, 66701, at *14.
 {¶ 13} However, this appeal primarily comes to this Court on a question of the trial court's interpretation of the Agreement. If the terms of a contract are clear and unambiguous, then their interpretation is a question of law. Beckler v. Lorain City School Dist. (Jul. 3, 1996), 9th Dist. No. 95CA006049, at 4, citing State ex rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511. Questions of law are reviewed by an appellate court de novo. Butler v. Joshi (May 9, 2001), 9th Dist. No. 00CA0058. Because we review questions of law de novo, we do not give deference to the trial court's conclusions. Akron-Canton Waste Oil, Inc.v. Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 602;Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, 234.
 {¶ 14} "The purpose of contract construction is to discover and effectuate the intent of the parties." Graham v. Drydock Coal Co.
(1996), 76 Ohio St.3d 311, 313. The parties' intent is presumed to be found in the written terms of the contract. Troutman v. Hartford FireIns. Co. (Nov. 14, 2001), 9th Dist. No. 20583, citing Shifrin v. ForestCity Ent., Inc. (1992), 64 Ohio St.3d 635, 638. When determining the meaning of a part of a contract, the contract must be read in its entirety, to give effect to the intention of the parties. Rock of AgesMemorial, Inc. v. Braido, 7th Dist. No. 00 BA 50, at *6, 2002-Ohio-605.
 {¶ 15} The Supreme Court of Ohio has concluded that a forum selection clause contained in a commercial contract between business entities will be deemed valid and enforceable absent fraud or overreaching, unless it can be demonstrated that enforcement of the clause would be unreasonable and unjust. Preferred Capital, Inc. v. Sturgil, 9th Dist. No. 21787, 2004-Ohio-4453, at ¶ 23, citing Kennecorp Mtge. Brokers, Inc. v. CountryClub Convalescent Hosp., Inc. (1993), 66 Ohio St.3d 173, syllabus. In the instant case, the trial court determined that the clause was valid and enforceable against the parties. However, EI UK does not specifically contest this determination. Rather, the parties essentially argue on appeal over whether the forum selection clause is mandatory or permissive. See KV Scientific Co, Inc. v. Bayerische Motoren WerkeAktiengesellschaft (C.A.10, 2002), 314 F.3d 494, 498.
 {¶ 16} In the instant case, the trial court interpreted the clause as mandating jurisdiction in the State of New York, but allowing the parties to decide that particular New York court in which to litigate the matter. The court specifically interpreted the term "non-exclusive jurisdiction" to refer to the choice of New York court the case will be litigated in, and not which state it will be litigated in. The court noted that because the clause provided that the parties "irrevocably" and "unconditionally" submitted to the jurisdiction of New York court, coupled with the fact that the parties agreed to be governed by New York law, the clause was intended to mandate litigation in the State of New York.
 {¶ 17} On appeal, EI UK maintains that the trial court interpreted the effect of this language incorrectly. EI UK maintains that the term "non-exclusive" cannot and should not be interpreted as referring to the "choice of which New York court the case will be litigated in," as the court stated, because that interpretation would simply be cumulative. EI UK argues that the clause already provided other language, which states that the parties are to submit to the jurisdiction of "any New York State court or Federal court of the United States of America sitting in New York city," which by itself accomplishes the goal of preserving a choice of New York forum. Thus, EI UK argues that the inclusion of the term "non-exclusive" simply means that the jurisdiction of the New York courts is not exclusive.
 {¶ 18} "Exclusive jurisdiction" is defined as "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts[.]" Black's Law Dictionary (7 Ed. 1999) 856. Clearly the term "non-exclusive jurisdiction" must refer to the power of a court to hear an action not to the exclusion of other courts. Giving the plain ordinary meaning of this term, the terms "irrevocably" and "unconditionally" are more appropriately interpreted as qualifying the parties' agreement to submit to the jurisdiction of the New York courts in the event they choose to in fact proceed in that state. Reading these terms on their own to mandate venue in a New York court would entirely contradict the purpose of including the term "non-exclusive" in the clause.
 {¶ 19} EI UK leads this Court through a review of non-Ohio case law that has dealt with the interpretation of other forum selection clauses.[1] While none of the cases involve a forum selection clause identical to the one in the instant case, they provide helpful guidance for our interpretation of this clause.
 {¶ 20} The United States Court of Appeals for the Tenth Circuit succinctly explained the distinction between mandatory and permissive clauses as follows: "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." (Internal citations and quotations omitted.) KVScientific, 314 F.3d at 498, citing Excell, Inc. v. Sterling Boiler Mech., Inc. (C.A.10, 1997), 106 F.3d 318, 321.
 {¶ 21} Where venue is specified with mandatory language, the clause will be enforced. John Boutari Son Wine Spririts, S.A. v. AttikiImporters Dist. Inc. (C.A.2, 1994), 22 F.3d 51, 53, citing Docksider,Ltd. v. Sea Technology, Ltd. (C.A.9, 1989), 875 F.2d 762, 764; SterlingForest Assoc. v. Barnett-Range Corp. (C.A.4, 1988), 840 F.2d 249,251-52; Paper Express, Ltd. v. Pfankuch Maschinen GmbH (C.A.7, 1992),972 F.2d 753, 757. Where a forum selection clause states "mandatory or obligatory language," it is a mandatory clause that limits litigation to the designated venue. Paper Express Ltd., 972 F.2d at 757. However, "when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Boutari, 22 F.3d at 52, quoting Docksider,875 F.2d at 764. This general rule has been applied in numerous jurisdictions. See KV Scientific, 314 F.3d at 499-500. See, also,Sterling Forest Assoc., Ltd. v. Barnett-Range Corp. (C.A.4, 1988),840 F.2d 249, 252 (disapproved on other grounds).
 {¶ 22} Upon our independent review of the forum selection clause, we are persuaded by EI UK's arguments. The clause in this case provides no reference whatsoever to venue. See, e.g., Keaty v. Freeport Indonesia,Inc. (C.A.5, 1974), 503 F.2d 955, 956 ("This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York," found to be permissive). Additionally, the clause does not contain any language to indicate an intent on behalf of the parties to make jurisdiction exclusive; rather, the clause explicitly provides just the opposite. SeeTelemedia Partners Worldwide, Ltd. v. Hamelin Ltd. (S.D.N.Y., Feb. 2, 1996), No. 95 Civ. 2452, at *20 (holding a forum selection clause that provided that the parties "hereby submit to the non-exclusive jurisdiction of the English courts" was clearly permissive as to jurisdiction). Cf.Manetti-Farrow, Inc. v. Gucci America, Inc. (C.A.9, 1988), 858 F.2d 509,515 (enforcing a clause that explicitly provides that the particular court was to have sole jurisdiction); Cf. Torres v. Wellness Internatl.Network, Ltd. (N.D.Ill., Dec. 2, 2004), No. 02 C 5801, at *7-8 (finding clause mandatory despite "non-exclusive jurisdiction" provision in personal jurisdiction clause, because the clause also contained a specific venue clause and because personal jurisdiction and venue clauses serve different purposes). Finally, the clause does not contain any language that indicates that a suit elsewhere is forbidden. See, e.g., KVScientific, 314 F.3d at 500. See, also, Boutari, 22 F.3d at 53, citing and quoting City of New York v. Pullman, Inc. (S.D.N.Y. 1979),477 F. Supp. 438, 442, fn.11 ("an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion").
 {¶ 23} Additionally, EI UK argues that the trial court erred as a matter of law when it concluded that the parties "intended to mandate litigation in the state of New York because they agreed to the use of New York law." Indeed, a choice of law clause is separate and distinct from a forum selection clause and is not to be interpreted as such. PremierAssoc., Ltd. v. Loper, 149 Ohio App.3d 660, 2002-Ohio-5538, at ¶ 51
(choosing not to construe a choice of law provision as a forum selection clause that mandated venue in a certain county). Therefore, such a clause should have no bearing on the determination of whether a forum selection clause is mandatory or permissive. See KV Scientific, 314 F.3d at 501
(stating that the choice of law provision in a contract "carr[ied] little, if any, weight in determining whether the parties' forum selection clause was intended as mandatory or permissive"); ATAC Corp.v. Lindsay (Jan. 16, 1997), 8th Dist. Nos. 70293, 70294, 70572, at *7-8 (stating that a choice of law provision will not establish a choice of forum), citing Anilas, Inc. v. Kern (1986), 28 Ohio St.3d 165, 167. Moreover, it is not uncommon for a court to review a case employing the law of another state. See, e.g., Kurent v. Farmers Ins. of Columbus,Inc. (1991), 62 Ohio St.3d 242; Humbert v. United Ohio Ins. Co.,154 Ohio App.3d 540, 2003-Ohio-4356.
 {¶ 24} Cinergy argues that unlike the cases that EI UK cites, which did not address the venue issue and only spoke of jurisdiction, the clause in the instant case "goes beyond jurisdiction and expressly states that the parties `irrevocably' and `unconditionally' agree to bring their disputes in a New York court." It maintains, that, "had the parties intended to permit litigation outside of New York, there would have been no need to make this second, irrevocable and unconditional election," apparently suggesting that this phrase makes the clause mandatory. What Cinergy's argument fails to mention is that the very clause referring to the parties' irrevocable and unconditional agreement also provides that the jurisdiction of the New York courts is "non-exclusive."
 {¶ 25} Additionally, Cinergy maintains that by including the phrase "to the extent permitted by law," the parties qualified their venue selection, citing Frietsch v. Refco, Inc. (C.A.7, 1995), 56 F.3d 825. InFrietsch, the circuit court noted that the phrase "`to the extent permissible'" would have no function if the clause were not mandatory — if, in other words, a party could sue anywhere he wanted." Id. at 829. In that case, this phrase qualified the provision that specifically addressed jurisdiction, as quoted by the circuit court: "`[P]lace of jurisdiction * * * is the registered office of the trustee, to the extent permissible under the law.'" Id. at 827.
 {¶ 26} However, we find this Circuit case to be factually distinguishable. In the instant case, the phrase "to the extent permitted by law" does not appear in that portion of the provision that specifically discusses jurisdiction. However, the clause subsequently states that each party "hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such New York State or, to the extent permitted bylaw, in such Federal court." (Emphasis added.) We observe that this portion of the provision provides that the parties agree that any claims arising out of or related to the Agreement may be heard by the New York courts, signifying the intention that the clause be permissive.
 {¶ 27} Finally, Cinergy maintains that EI UK has ignored New York's statutory law, which it asserts favors retaining jurisdiction in New York in matters with New York choice of law and choice of forum clauses. Cinergy cites subsection one of New York General Obligations Law Section 5-1402 to support this proposition. However, that section states, inter alia, "any person may maintain an action or proceeding against a foreign corporation" (emphasis added) in an action that involves an agreement with a choice of New York law, and does not mandate the filing of a claim in New York.
 {¶ 28} Cinergy cites Credit Francais Internatl., S.A. v. SociedadFinanciera de Comercio, C.A. (1985), 128 Misc.2d 564, in which the New York Supreme Court relied upon Section 5-1402 to enforce a forum selection clause. Cinergy specifically points out that the parties in that case "irrevocably" consented that claims could be brought in New York, and that the parties waived any objections to venue and inconvenient forum. Id. at 572. EI UK counters this argument by noting that Cinergy's suggestion, that the parties in this case have also waived objection to venue is erroneous; we agree with EI UK's interpretation. Read carefully, Section 11.20(b) of the clause actually provides that the parties waive objection to venue in any New York court specifically. It does not provide that objection as to venue anywhere outside of New York is waived.
 {¶ 29} Based upon the foregoing, we find that the forum selection clause is permissive in effect, and that the parties are not bound to bring their action in a New York court. Therefore, we find that the trial court also erred in granting the motion to dismiss on this basis.
 {¶ 30} EI UK's sole assignment of error is sustained. We remand the case to the trial court so that it may enter judgment in accordance with this decision and conduct the proper Ohio venue analysis.
 III. {¶ 31} EI UK's sole assignment of error is sustained. The decision of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J., Moore, J. concur.
[1] A majority of the case law cited by both parties in their briefs in support of this argument are from federal courts. Admittedly, Ohio case law on this subject is sparse. Because neither party objects to the use of federal law, we will avail ourselves of the guidance provided by federal and non-Ohio state courts. See Rainforest Café, Inc. v. EklecCo
(C.A.8, 2003), 340 F.3d 544, 546 (noting the exising discrepancy among federal courts as to whether to apply state or federal law when interpreting forum selection clauses).