[Cite as *Dayton Outpatient Ctr., Inc. v. OMRI of Pensacola, Inc.*, 2014-Ohio-4105.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DAYTON OUTPATIENT CENTER, INC.    :

      Plaintiff-Appellant          :         C.A. CASE NO.   26169

v.                             :         T.C. NO.   14CV103

OMRI OF PENSACOLA, INC., et al.    :        (Civil appeal from
                                      Common Pleas Court)

      Defendants-Appellees      :

                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    19th    day of    September   , 2014.

. . . . . . . . . .

MATTHEW D. DiCICCO, Atty. Reg. No. 0072889, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

R. MARK HENRY, Atty. Reg. No. 0062546, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
      Attorney for Defendants-Appellees

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the Notice of Appeal of the Dayton

Outpatient Center, Inc. ("DOC"). DOC appeals from the trial court's March 13, 2014 "Decision, Order and Entry Sustaining Defendants' Motion to Transfer Venue." We hereby affirm the judgment of the trial court.

{¶ 2} On January 8, 2014, DOC filed a complaint against OMRI of Pensacola, Inc., and OMRI, Inc. (together, "OMRI"), asserting claims of negligence/negligence per se, fraud/fraud in the inducement, and punitive damages. According to DOC, OMRI installed a high field open MRI machine at DOC's facility in the fall of 2013. DOC's complaint alleges that after the installation, the " * * * open MRI machine was damaged when components of the machine ruptured," allegedly due to OMRI's "failure to follow the manufacturer's installation directions, thereby causing an error in the installation of the cooling lines of the machine." DOC further alleges that OMRI "made material representations that they possessed the education, training, experience, expertise and skill to competently and properly install" the MRI machine, and that DOC relied upon those representations. DOC alleges that OMRI's representations were false.

{¶ 3} On February 13, 2014, OMRI filed "Defendant's Motion to Transfer Venue," in which it asserted that "as a matter of Ohio law, the parties' contract clearly governs the subject matter of this dispute and includes a forum selection clause mandating the agreed venue for hearing it - Escambia County, Florida. As a result, the Court should stay this action pending its transfer under Ohio Civ.R. 3(D)." Attached to the motion is the parties' June 10, 2013 "Agreement to Complete Installation of MRI Scanner." ("Agreement").

{¶ 4} The Agreement provides in relevant part as follows:

\* \* \*

2. <u>Scope of Installation and Installation Price</u> \* \* \* Both OMRI and [DOC] agree that the MRI unit will be installed in a good and workmanlike manner, in accordance with the applicable standard of industry practice. \* \* \* .

\* \* \*

8. <u>Choice of forum</u> Both OMRI and [DOC] agree that any legal proceeding brought to enforce any provision of this Agreement must be filed in a court of competent jurisdiction located in Escambia[] County, Florida.

9. <u>Choice of Law</u> This Agreement shall be construed, interpreted and applied in accordance with the laws of the State of Florida.

\* \* \*.

{¶ 5}     On February 27, 2014, DOC opposed OMRI's motion, asserting that the forum selection clause in the Agreement "is permissive and not mandatory.  Although the forum selection clause authorizes jurisdiction in Escambia, Florida, the forum selection clause does not prohibit litigation elsewhere.  Additionally, the allegations unquestionably demonstrate that no part of the action occurred in Escambia, Florida and instead transpired in Montgomery County, Ohio." On March 7, 2014, OMRI filed a reply, asserting that the forum selection clause in the Agreement is not permissive, and that the "Ohio Supreme Court has made it clear that a valid forum selection clause is not invalidated by the sort of factors which would otherwise determine proper venue in the absence of such a clause.  [DOC] has made no showing of fraud in how the parties reached the Agreement, nor has it demonstrated that enforcement of the clause would deprive [DOC] of its day in court."

**{¶ 6}** In its decision sustaining OMRI's motion, the trial court concluded as follows:

Initially, the court finds that Montgomery County, Ohio is a proper venue for this suit under Civ.R. 3(B), as it is undisputed that Montgomery County, Ohio is the county in which [OMRI] conducted the installation activity pursuant to the Agreement that gave rise to this action. Nevertheless, [OMRI] assert[s] that the parties agreed to a different venue for any action arising from the Agreement, and, thus, at issue herein is the language within the forum selection clause of that Agreement. Here, the subject forum selection clause is within a commercial contract executed between business entities, namely [DOC] and [OMRI],and agreed upon apparently without fraud or overreaching. Unlike the forum selection clause in *EI UK Holdings, Inc.* [*v. Cinergy UK, Inc.*, 9th Dist. Summit No. 22326, 2005-Ohio-1271], the clause cited by [OMRI] in this case specifically references venue, contains words of exclusivity, and prohibits suit elsewhere by stating that *any legal proceeding* arising from the Agreement *must be filed* in a court of competent jurisdiction *located in Escambia County*, *Florida*. Thus, the court finds that the language of the subject clause is mandatory by using the words, "*must be filed*"; the plain language of the clause requires jurisdiction and venue in a court of competent jurisdiction in *Escambia County, Florida*; and the clause clearly displays the intent of the contracting parties to choose a particular forum, namely a court in Escambia County, Florida, to the exclusion of all others by stating that any proceeding "must be filed" there. Moreover, the court finds

that, in reading the Agreement in its entirety, it was the parties' intention that any claims arising from the Agreement were to be filed in Escambia County, Florida, and that the Agreement was to be construed, interpreted, and applied in accordance with the laws in the State of Florida. The court further finds that the subject clause is valid and enforceable and fails to find that enforcement of the clause would be unreasonable or unjust under the circumstances. Although [DOC] knew that the MRI machine would be located and maintained in Montgomery County, Ohio, [DOC] nevertheless agreed to the terms of the Agreement, including the forum selection clause. Therefore, [OMRI's] Motion to Transfer Venue is **SUSTAINED**, and this action is **STAYED** until the court receives notice by affidavit that Plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying this action. If [DOC] fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice.

{¶ 7} We initially note that in its brief, DOC erroneously identifies itself as the Appellee herein. DOC asserts one assignment of error as follows:

"THE TRIAL COURT ERRED IN HOLDING THAT THE FORUM SELECTION CLAUSE IS MANDATORY."

{¶ 8} As noted by the Eighth District:

The enforceability of a forum-selection clause is a question of law that we review de novo. *Baker v. LeBoeuf, Lamb, Leiby & Macrae* (C.A.6, 1997), 105 F.3d 1102, 1104, citing *Shell v. R.W. Sturge, Ltd.* (C.A.6, 1995), 55 F.3d 1227.

The party challenging the forum-selection clause bears a heavy burden of establishing that it should not be enforced. *Discount Bridal Serv., Inc. v. Kovacs* (1998), 127 Ohio App.3d 373, 376-377, 713 N.E.2d 30, citing *The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 9-12, 92 S.Ct. 1907, 32 L.Ed.2d 513, *Barrett v. Picker Internatl.* (1990), 68 Ohio App.3d 820, 589 N.E.2d 1372. *Original Pizza Pan v. CWC Sports Group, Inc.*, 194 Ohio App.3d 50, 2011-Ohio-1684, 954 N.E.2d 1220, ¶ 10 (8th Dist.).

**{¶ 9}** Civ.R. 3(B) provides in part:

Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, "county," as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

\* \* \*

(3) A county in which the defendant conducted activity that gave rise to the claim for relief;

\* \* \*

(6) The county in which all or part of the claim for relief arose;

**{¶ 10}** Civ.R. 3(D) provides:

When a court, upon motion of any party or upon its own motion, determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state,

the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice. If all defendants do not agree to or comply with the conditions, the court shall hear the action.

\* \* \*

{¶ 11} Regarding the forum selection clause at issue herein, as noted by the Ninth District:

The Supreme Court of Ohio has concluded that a forum selection clause contained in a commercial contract between business entities will be deemed valid and enforceable absent fraud or overreaching, unless it can be demonstrated that enforcement of the clause would be unreasonable and unjust. *Preferred Capital, Inc. v. Sturgil*, 9th Dist. No. 21787, 2004-Ohio-4453, at ¶ 23, citing *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987, syllabus. *EI UK Holding, Inc.*, ¶ 15.

**{¶ 12}** DOC asserts that the Agreement "specifically references venue," but it "does not contain words of exclusivity and does not specifically prohibit lawsuits elsewhere. Therefore, this is not mandatory merely because it contains a venue provision."

**{¶ 13}** As this Court has previously noted:

The answer to a question about what specific contract language means lies in the contracting parties' intent - what did they intend the language to mean? It is the court's task to determine the parties' intended meaning. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, ¶ 18 ("The role of courts in examining contracts is to ascertain the intent of the parties."_ (Citation omitted.)). The search for the parties' intended meaning begins with the contract itself. Their intent is presumed to reside in the language they used. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996); *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, ¶ 49 (1st Dist.) ("In the construction of a written instrument, a court's primary objective is to give effect to the parties' intent, which can be found in the language they chose to employ.").

A stumbling block in the search for intended meaning is ambiguity. "Contractual language is ambiguous ' * * * where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations.'" *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 763 (6th Cir.2008), quoting *Covington v. Lucia*, 151 Ohio App.3d 409, 784 N.E.2d 186 (10th Dist.2003). But there is no ambiguity if

the subject language's meaning can be determined by considering the language in the context of other contractual language. *See id.* ("In determining whether contractual language is ambiguous, the contract 'must be construed as a whole' * * *."), quoting *Tri-State Group, Inc. v. Ohio Edison Co.*, 151 Ohio App.3d 1, 2002-Ohio-7297, 782 N.E.2d 1240, ¶ 38 (7th Dist.). Often, the intended meaning of a word or phrase may be clear when that word or phrase is considered in the context of other words or phrases in the contract. *See* 18 Ohio Jurisprudence 3d, Contracts, Section 123 (2012) ("A term that would otherwise cause ambiguity can be construed in the context of other terms in the contract to resolve the ambiguity."), citing *Seringetti Const. Co. v. City of Cincinnati*, 51 Ohio App.3d 1, 553 N.E.2d 1371 (1st Dist.1988). Thus the intended meaning of any part of the parties' contract should be determined in light of the whole contract. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361, 678 N.E.2d 519 (1997) ("The court should read the contract as a whole and gather the intent of each part from the whole.").

\* \* \*

Ohio's rules of contract construction raise the presumption that the parties' intended their forum-selection clause to be permissive unless there is "'some further language indicating the parties' intent to make jurisdiction exclusive.'" *EI UK Holdings, Inc. v. Cinergy UK, Inc.*, 9th Dist. Summit No. 22326, 2005-Ohio-1271, 2005 WL 662921, ¶ 21, quoting *John Boutari & Son Wines & Spirits, S.A. v. Attiki Importers & Dist. Inc.*, 22 F.3d 51, 52 (2d Cir.1994). *EnQuip*

*Technologies Group v. Tycon Technoglass*, 2012-Ohio-6181, 986 N.E.2d 469, ¶ 15-17 (2d Dist.).

**{¶ 14}** In *EnQuip Technologies Group,* this Court noted that a "permissive clause means simply that the parties have waived any right to object to the exercise of personal jurisdiction by the identified court. *Valmac Indus., Inc. v. Ecotech Machinery, Inc*., 137 Ohio App.3d 408, 413, 738 N.E.2d 873 (2d Dist.2000). It does not mean that they waived their right to commence an action in another court that has jurisdiction. *Id."* *Id*., ¶ 14. In contrast, an "exclusive forum-selection clause means that the identified court is the only court with jurisdiction - the parties must commence any action in the identified court." *Id*.

**{¶ 15}** In *EI UK Holding, Inc.*, the Ninth District found the following forum selection clause to be permissive:

"11.10 Jurisdiction; Venue; Waiver of Jury Trial

"(a) Each of the Parties hereby irrevocably and unconditionally submits to *the non-exclusive jurisdiction* of any New York State court or Federal court of the United States of America sitting in New York City, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Agreement or for the recognition or enforcement of any judgment, and hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding *may* be heard and determined in such New York State or, to the extent permitted by law, in such Federal court. Each Party agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other matter

provided by law.

"(b) Each of the Parties hereby irrevocably and unconditionally waives, to the fullest extent it may legally and effectively do so, any objection which it may now or thereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement in any New York State or Federal court. Each Party hereby irrevocably waives, to the fullest extent permitted by law, the defense of any inconvenient forum to the maintenance of such action or proceeding in any such court." *Id*., ¶ 4. (Emphasis added).

The Agreement at issue further specified that it was to be governed by the laws of the State of New York. *Id*.

{¶ 16} It was significant to the Ninth District that the "clause provides no reference whatsoever to venue," that the clause "does not contain any language to indicate an intent on behalf of the parties to make jurisdiction exclusive; rather, the clause explicitly provides just the opposite," and that the clause "does not contain any language that indicates that a suit elsewhere is forbidden." *Id*., ¶ 22.

{¶ 17} In *Valmac Indus.*, this Court construed the following clause on a sales invoice: "'For all disputes or controversies which may arise in connection with this Contract, the parties hereby consent to the jurisdiction and venue of the Courts of the State of Georgia, and of the Federal Court sitting in the State of Georgia.'" *Id*., 411. This Court concluded that the "clause plainly waives any right that either party has to object to personal jurisdiction in Georgia. It does not, however, clearly provide that they also waived their right to commence an action on the contract in Ohio, if Ohio has jurisdiction. Because the clause is ambiguous in that regard, the

intent of the parties in that respect must be determined by a trier of fact. *Lelux v. Chernick* (1997), 119 Ohio App.3d 6, 694 N.E.2d 471.ˮ  *Id.*, 413.

{¶ 18}  We agree with the trial court that, pursuant to Civ.R. 3(B), Montgomery County is a proper venue for this matter, since OMRI installed the MRI machine pursuant to the Agreement in Montgomery County.  The forum selection clause, however, as the trial court stated, "specifically references venue, contains words of exclusivity, and prohibits suit elsewhere by stating that [*both OMRI and DOC agree that*] *any legal proceeding* arising from the Agreement *must be filed* in a court of competent jurisdiction *located in Escambia County, Florida*." In other words, the intent of the parties is clear, and the clause is neither ambiguous nor permissive, but rather it is mandatory.  This conclusion is supported by further considering the forum selection clause in the context of other contractual language, namely the choice of law clause, which provides that the Agreement "shall be construed, interpreted and applied in accordance with the laws of the State of Florida." DOC acknowledges in its brief that the parties "agreed to the forum selection clause in the Agreement," and since it is valid and enforceable, DOC's sole assigned error lacks merit and is overruled.  The judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Matthew D. DiCicco
R. Mark Henry
Hon. Mary Katherine Huffman