**Affirmed and Opinion Filed August 8, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00743-CV

## WORKFLEX SOLUTIONS, LLC, Appellant
### V.
## FIFTH THIRD BANK, Appellee

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-00005-2016

## MEMORANDUM OPINION
Before Justices Evans, Stoddart, and Boatright
Opinion by Justice Stoddart

WorkFlex Solutions, LLC, appeals an order dismissing its lawsuit against Fifth Third Bank. The trial court concluded that a forum selection clause in the parties' contract is mandatory and requires any action arising out of or relating to the contract to be filed in the Ohio Commercial Docket of Hamilton County, Ohio. In a single issue, WorkFlex contends the trial court abused its discretion because the forum selection clause is permissive, not mandatory. We affirm.

### BACKGROUND

WorkFlex sued Fifth Third in Collin County, Texas for breach of their Master Purchase Agreement (the Contract). In the Contract, WorkFlex agreed to provide software products and support services to Fifth Third. WorkFlex claimed Fifth Third failed to pay invoices for the

products and services provided. Fifth Third answered and filed a motion to dismiss based on a forum selection clause contained in the Contract.

Both parties have headquarters in Cincinnati, Ohio. WorkFlex also has offices in Collin County, Texas. The Contract, drafted by Fifth Third, was entered into on November 30, 2012. It consists of twenty-three pages, plus several attachments. The Contract provides that notices are to be in writing and delivered to the other party at their address in Cincinnati, Ohio. The Contract also contains the following provision:

> **32. Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of State of Ohio. Each of the Parties submits to the jurisdiction of an Ohio Commercial Docket Judge (defined below) in any action or proceeding arising out of or relating to this Agreement and agrees that all claims in respect of any such action or proceeding may be heard and determined by such Ohio Commercial Docket Judge. As used herein, "Ohio Commercial Docket Judge" means a judge designated as a commercial docket judge assigned to the commercial docket of the Hamilton County, Ohio Court of Common Pleas (the "Commercial Docket") pursuant to Temporary Rules 1.01 through 1.11 of the Rules of Superintendence for Courts of Ohio (as extended, amended, modified and/or finalized, the "Temporary Rules") effective July 1, 2008 or any successor judge or court assigned to the Commercial Docket or judge or court of competent jurisdiction in Hamilton County, Ohio substituted by the Hamilton County, Ohio Court of Common Pleas on behalf of the Commercial Docket in the event such Commercial Docket expires, terminates or ceases to exist for any reason. In the event that the Commercial Docket is no longer in existence, then the Parties hereto irrevocably consent to exclusive jurisdiction of the courts having a situs in Hamilton County, Ohio. The Parties waive the right to a jury trial.

The Ohio Commercial Docket was a pilot program at the time the Contract was signed, therefore the parties did not know whether it would be in existence if a dispute arose. The pilot program established a commercial docket within the court of common pleas for four counties, one of which was Hamilton County, Ohio.[1] The Commercial Docket is a dedicated docket for commercial litigation before sitting judges who volunteer and are designated by the Chief Justice

---

[1] *Report and Recommendations of The Supreme Court of Ohio Task Force on Commercial Dockets*, p. 3 (Dec. 2011) [hereinafter Report] (available at http://www.supremecourt.ohio.gov/Boards/commDockets/Report.pdf).

to hear cases assigned to the commercial docket.[2] Cases eligible for the Commercial Docket include civil cases involving disputes between business entities relating to contracts between them.[3] Consent of the parties is not required for assignment to the Commercial Docket. If eligible, the case will be transferred to the Commercial Docket either by motion of one of the parties, or sua sponte by the judge assigned to the case.[4] With minor modifications, the pilot program was made permanent in 2013. *See* OH. SUP. R. 49.01.

Fifth Third argued in its motion to dismiss that the forum selection clause makes Hamilton County, Ohio the exclusive forum for any disputes arising under the Contract. The specific forum is the Commercial Docket if it is in existence or the courts of Hamilton County, Ohio if the Commercial Docket no longer exists. WorkFlex argued that the forum selection clause contained both a permissive and an exclusive forum selection. According to WorkFlex, the clause sets a permissive forum if the Commercial Docket of Hamilton County, Ohio is in existence, and an exclusive forum in Hamilton County, Ohio if the Commercial Docket expires. After a hearing, the Collin County trial court granted the motion and dismissed the case.

## STANDARD OF REVIEW

We review the granting of a motion to dismiss based on a forum selection clause for an abuse of discretion. *Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, 452 S.W.3d 887, 891 (Tex. App.—Dallas 2014, no pet.). However, to the extent our review involves the interpretation of a contract, which is a legal matter, our review is de novo. *Id.* The trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42

---

[2] Report, App. A, p. 29; OH. SUP. R. 49.02.

[3] Report, App. A, p. 29; OH. SUP. R. 49.05(E).

[4] Report, App. A, p. 29; OH. SUP. R. 49.07.

(Tex. 1985). This case involves the interpretation of the Contract and the facts at issue in this appeal are not disputed. Therefore, we apply a de novo standard of review.

## APPLICABLE LAW

Contractual forum selection clauses are generally enforceable unless the party opposing the clause shows that enforcement would be unreasonable and unjust, that the clause is invalid for such reasons as fraud or overreaching, enforcement would contravene a strong public policy of forum where suit was filed, or the selected forum would be seriously inconvenient for trial. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231–32 (Tex. 2008) (per curiam) (orig. proceeding); *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 1993-Ohio-203, 66 Ohio St. 3d 173, 176, 610 N.E.2d 987, 989. The parties here do not challenge the validity of the forum selection clause, only whether it is mandatory or permissive. Resolving this dispute requires us to interpret the meaning of the Contract.

Forum selection clauses are "creatures of contract and we must give effect to the parties' intent as expressed in the four corners of the document." *Pinto Tech. Ventures, L.P. v. Sheldon*, No. 16-0007, 2017 WL 2200357, at *1 (Tex. May 19, 2017). The parties chose Ohio law to govern the construction of the Contract, therefore we look to Ohio law for the appropriate rules of contract construction.[5]

Under Ohio contract law, the court's primary task is to determine the intent of the parties from the language used in the contract. *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶¶ 11–13, 100 Ohio St. 3d 216, 219–20, 797 N.E.2d 1256, 1261–62. Courts determine the meaning of any

---

[5] *See Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324–25 (Tex. 2014). We note that Texas law on contract construction is the same as Ohio and we would reach the same result if we interpreted the Contract under Texas law. *See Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257–58 (Tex. 2017) (per curiam) (describing Texas law on contract construction).

part of the contract in light of the whole contract. *Id.* at ¶ 11, 797 N.E.2d at 1261. Often the intended meaning of a word or phrase is clear when that word or phrase is considered in context with the other words and phrases in the contract. *EnQuip Techs. Group v. Tycon Technoglass*, 2012-Ohio-6181, ¶ 16, 986 N.E.2d 469, 475 (2d Dist.). Courts look to the plain and ordinary meaning of the language used in the contract unless another meaning is apparent from the contract. *Westfield Ins.*, 2003-Ohio-5849, at ¶ 11, 797 N.E.2d at 1261. Whether a contract is ambiguous is a question of law. *Keehan Tennessee Invest., L.L.C. v. Praetorium Secured Fund I, L.P.*, 2016-Ohio-8390, ¶ 14, 71 N.E.3d 325, 330 (9th Dist.). A contract is ambiguous if its meaning cannot be determined from the four corners of the document or where the language is susceptible to two or more reasonable interpretations. *EnQuip Techs. Group*, 2012-Ohio-6181, at ¶ 16, 986 N.E.2d at 475.

Ohio's rules of contract construction raise the presumption that forum selection clauses are permissive unless there is some further language in the contract indicating the parties intended to make the selection exclusive. *EnQuip Techs. Group*, 2012-Ohio-6181, at ¶ 17, 986 N.E.2d at 475. In deciding whether a forum selection clause is permissive or mandatory, Ohio courts have found the following factors significant: (1) a reference to venue; (2) language indicating the parties' intent to make jurisdiction exclusive; and (3) language indicating a suit elsewhere is forbidden. *Keehan Tennessee Invest.*, 2016-Ohio-8390, ¶ 25, 71 N.E.3d at 332. These factors are not exclusive, a finding that a forum selection clause is mandatory may be supported by only one factor. *Id.* at ¶ 26, 71 N.E.3d at 332.

DISCUSSION

WorkFlex focuses on only two sentences in section 32. The second sentence reads:

> Each of the Parties submits to the jurisdiction of an Ohio Commercial Docket Judge (defined below) in any action or proceeding arising out of or relating to this Agreement and agrees that all claims in respect of any such action or proceeding may be heard and determined by such Ohio Commercial Docket Judge.

The fourth sentence reads:

In the event that the Commercial Docket is no longer in existence, then the Parties hereto irrevocably consent to exclusive jurisdiction of the courts having a situs in Hamilton County, Ohio.

WorkFlex argues these sentences create two separate and independent forum selection clauses. By reading the phrase "may be heard and determined" in isolation, WorkFlex contends the second sentence creates a permissive forum selection if the Commercial Docket is in existence, while the fourth sentence, by using the phrase "exclusive jurisdiction," creates a mandatory forum selection if the Commercial Docket does not exist. WorkFlex concludes the trial court abused its discretion because the Commercial Docket is in existence and therefore the "exclusive jurisdiction" language does not apply.

We disagree with this construction of section 32. The entire section should be read together with the rest of the Contract to ascertain the intent of the parties. *See Westfield Ins.*, 2003-Ohio-5849, at ¶ 11, 797 N.E.2d at 1261; *EnQuip Techs. Group*, 2012-Ohio-6181, at ¶ 16, 986 N.E.2d at 475. Both parties have offices in Cincinnati, Ohio, which is located in Hamilton County. The terms of the Contract require that notices be delivered to the parties at their addresses in Cincinnati. The parties agreed that the Contract would be governed by Ohio law. Further, the parties identified the specific venue—Hamilton County, Ohio—for any action or proceeding arising out of or relating to their contract. *See Keehan Tennessee Invest.*, 2016-Ohio-8390, ¶ 25, 71 N.E.3d at 332 (one factor for finding forum selection clause mandatory is reference to venue). This was a commercial transaction and would be appropriate for the Commercial Docket. *See* OH. SUP. R. 49.05(E)(4) (cases eligible for the commercial docket include any civil case relating to disputes between two or more business entities relating to contracts between them). The parties clearly contracted with the Commercial Docket in mind as evidenced by the detailed provision about the Commercial Docket. And the clause references

exclusive jurisdiction in the fourth sentence. The phrase "exclusive jurisdiction" is "without a doubt, a phrase of exclusivity." *Keehan Tennessee Invest.*, 2016-Ohio-8390, ¶ 27, 71 N.E.3d at 332. Thus, the Contract includes a reference to a specific venue and language of exclusivity. These are both factors Ohio courts consider in finding a forum selection clause is mandatory. *See id.* at ¶¶ 25–27, 71 N.E.3d at 332 ("a court does not have to find each of the three factors is present in order to interpret a forum selection clause as mandatory").

WorkFlex complains that reading section 32 as mandatory makes the "may be heard and determined" language meaningless and rewrites the Contract. We disagree. Although the second sentence of section 32 uses the words "may be," the entire section read in context with the rest of the Contract indicates the parties intended to make the courts of Hamilton County, Ohio, including the Commercial Docket courts if they are in existence, the exclusive forum for any disputes arising under or related to the Contract. The Contract is between two Ohio business entities who agreed to apply Ohio law to their contract and specified that notices be delivered to their addresses in Ohio. It refers to a specific venue and contains language of exclusivity. *See Keehan Tennessee Invest.*, 2016-Ohio-8390, ¶ 16, 71 N.E.3d at 330 (providing for exclusive jurisdiction is equivalent to prohibiting filing suit elsewhere); *see also In re Fisher*, 433 S.W.3d 523, 531–33 (Tex. 2014) (orig. proceeding) (use of words "may be brought" and "non-exclusive jurisdiction" did not render choice of venue clause permissive where the clause also provided the parties agreed "not to bring any proceeding arising out of or relating to this Agreement in any other court"). By submitting to the jurisdiction of an Ohio Commercial Docket Judge and agreeing that all claims arising out of or relating to the Contract "may be heard and determined by such Ohio Commercial Docket Judge," the parties foreclosed any objection by either party to assignment of their case to the Commercial Docket. It is not reasonable to assume the parties would use such explicit, detailed language about the Commercial Docket if they intended that

suits could be filed anywhere outside of Ohio while the Commercial Docket was in existence, but if the Commercial Docket ceased to exist, suits could only be filed in the courts of Hamilton County, Ohio. Instead, reading the Contract as a whole, without isolating individual words or phrases, the Contract indicates the parties intended the courts of Hamilton County, Ohio, including those assigned to the Commercial Docket, to have exclusive jurisdiction over any dispute under the Contract.

WorkFlex contends the choice of law provision has no bearing on the meaning of the forum selection clause. However, the law chosen by the parties, just like the rest of the Contract, is a relevant consideration in determining the intent of the parties from the language used in the entire contract. *See EnQuip Techs. Group*, 2012-Ohio-6181, ¶ 19, 986 N.E.2d at 476 ("A choice-of-law provision should be considered as evidence of the meaning of a forum-selection clause in the same contract."). The court in *EnQuip* distinguished language from the earlier decision in *EI UK Holdings*,[6] cited by WorkFlex, and noted that the meaning of a forum selection clause, like any other clause in the contract, should be determined by the law chosen by the parties. *EnQuip Techs. Group*, 2012-Ohio-6181, at ¶¶ 20–24, 986 N.E.2d at 476–480. The choice of Ohio law is part of the language in the Contract, therefore, we consider it in deciding the meaning of the forum selection clause. *See Dayton Outpatient Ctr., Inc. v. OMRI of Pensacola, Inc.*, 2014-Ohio-4105, ¶¶ 18, 19 N.E.3d 608, 614 (2d Dist.) (conclusion that forum selection clause was mandatory was "supported by further considering the forum selection clause in the context of other contractual language, namely the choice of law clause," which selected Florida law to apply to contract).

WorkFlex argues in the alternative that the clause is ambiguous. We disagree. A

---

[6] *EI UK Holdings, Inc. v. Cinergy UK, Inc.*, 2005-Ohio-1271, ¶ 23, 2005 WL 662921, at *5 (9th Dist.) ("a choice of law clause is separate and distinct from a forum selection clause and is not to be interpreted as such").

contract is not rendered ambiguous by reading words in isolation to find alternative meanings. Rather, we determine the meaning of a contract and whether it is ambiguous by reading the contract as a whole. *Westfield Ins.*, 2003-Ohio-5849, ¶ 11, 797 N.E.2d at 1261. The Contract read as a whole has a definite legal meaning and is not ambiguous. *Id*. ("As a matter of law, a contract is unambiguous if it can be given a definite legal meaning."); *EnQuip Techs. Group*, 2012-Ohio-6181, at ¶ 16, 986 N.E.2d at 475 ("there is no ambiguity if the subject language's meaning can be determined by considering the language in the context of other contractual language").

## CONCLUSION

We conclude the forum selection clause is mandatory and that the trial court did not abuse its discretion by granting the motion to dismiss. Accordingly, we affirm the trial court's order.

160743F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

WORKFLEX SOLUTIONS, LLC,
Appellant

No. 05-16-00743-CV          V.

FIFTH THIRD BANK, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-00005-2016.
Opinion delivered by Justice Stoddart.
Justices Evans and Boatright participating.

In accordance with this Court's opinion of this date, the Order Granting Defendant's Motion to Dismiss of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FIFTH THIRD BANK recover its costs of this appeal from appellant WORKFLEX SOLUTIONS, LLC.

Judgment entered this 8th day of August, 2017.