[Cite as *In re Estate of Speakman*, 2017-Ohio-7808.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| IN THE MATTER OF THE ESTATE OF: | : | |
| JUDITH A. SPEAKMAN | : | CASE NO. CA2016-11-017 |
| | : | O P I N I O N<br>9/25/2017 |
| | : | |
| | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PE20150253


Kiger & Kiger, James A. Kiger, 132 South Main Street, Washington C.H., Ohio 43160, for appellant, Diana Charalambous

Jess C. Weade, 220 East Market Street, Washington C.H., Ohio 43160, for appellees, Frederick and Nancy Pitzer, Executors


**RINGLAND, J.**

{¶ 1} Appellant, Diana Charalambous, appeals the decision of the Fayette County Probate Court overruling her exceptions to the inventory of assets filed by appellees, Frederick and Nancy Pitzer, Executors of the Estate of Judith Speakman.

{¶ 2} The facts of this case are largely undisputed. Speakman died testate with a will designating appellant as the beneficiary of one-half of the estate property. The remaining half was to be divided in equal shares between Speakman's two nephews.

**{¶ 3}** Speakman had a personal bank account with Huntington Bank.[1] Speakman also maintained a Transfer-on-Death ("TOD") account with Merrell Lynch that listed appellant as the beneficiary upon Speakman's death. For purposes of this appeal, the TOD account contained the following limitation:

> If the Account Owner becomes incompetent, a court appointed guardian or conservator, or an agent acting under durable power of attorney that is satisfactory to MLPF&S, may give instructions on the TOD Account to the extent of their authority. A court appointed guardian or conservator, or agent acting under a durable power of attorney, shall not have the authority to enter into, alter or revoke the Agreement and designation of Beneficiaries, except by obtaining an authorizing order from a court of competent jurisdiction and presenting a certified copy of that order to MLPF&S.

**{¶ 4}** In 2015, Speakman became ill and was moved into a nursing home. On April 17, 2015, Speakman executed a durable power of attorney naming Frederick and Nancy Pitzer as attorneys-in-fact. As of April 30, 2015, the TOD account contained $113,448.33.

**{¶ 5}** On May 21, 2015, Fredrick withdrew $50,000 from the TOD account and deposited the sum into Speakman's Huntington account. Fredrick explained at trial that he withdrew those funds from the TOD account because Speakman's Huntington account contained only $13,000 and additional funds were needed for Speakman's health care costs and nursing home arrangement.

**{¶ 6}** Frederick had also placed Speakman's house on the market. Speakman's home sold on August 7, 2015 and the funds were deposited in her Huntington account.

**{¶ 7}** On August 20, 2015, Fredrick withdrew the remaining assets from the TOD account. Fredrick stated that he withdrew the remaining funds from the TOD account because the account "was losing money." Those funds were also deposited in the Huntington account.

---

1. We will refer to the Huntington accounts in the singular, as the number of Huntington accounts is immaterial.

{¶ 8} Speakman passed away on November 20, 2015. Acting as Executors, Fredrick and Nancy prepared an inventory of the estate. Appellant wrote a letter addressing concerns with the former TOD funds. The letter was construed as an objection to the inventory. Appellant argued that the money withdrawn from the TOD account was improperly removed and comingled with probate property. Appellant maintained that the money withdrawn from the TOD account should not be considered probate property and should have remained TOD property and transferred to her as the beneficiary. The trial court held a hearing on the objection. Following additional briefing by the parties, the trial court found that the money withdrawn from the TOD account was probate property and therefore subject to distribution under the terms of the will. Appellant now appeals the decision of the trial court, raising two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVER-RULING [sic] APPELLANT'S OBJECTIONS TO HER DECEDENT AUNT'S INVENTORY.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE DECISION OF THE PROBATE COURT OF FAYETTE COUNTY OVERRULING APPELLANT'S OBJETIONS [sic] TO JUDITH SPEAKMAN'S (DECEDENT) INVENTORY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 13} Appellant argues the trial court erred by approving the inventory of the estate. The issues in this case focus on the TOD funds. Since appellant was the named beneficiary of the TOD account, she would be entitled to the entirety of those nonprobate funds upon Speakman's death. However, because those funds were transferred into Speakman's personal accounts, those funds became probate property upon her death. Pursuant to the terms of Speakman's will, appellant would receive half of the probate property, but would share the remaining half with Speakman's two nephews.

**{¶ 14}** Appellant raises two arguments on appeal. First, appellant argues that the TOD account contract contained a clause limiting the holder of a power of attorney from altering or revoking the TOD account except by court order. Second, appellant argues that the power of attorney failed to preserve Speakman's reasonable estate plan contrary to the provisions of the Uniform Power of Attorney Act, specifically R.C. 1337.34(A)(4). We will address both arguments.

### TOD Account Language

**{¶ 15}** Appellant first argues that the trial court erred by approving the inventory of the estate based on the existence of a clause contained in the TOD account contract.

**{¶ 16}** In reviewing a contract, the court's primary role is to ascertain and give effect to the intent of the parties. *Baruk v. Heritage Club Homeowners' Assn.*, 12th Dist. Warren No. CA2013-09-086, 2014-Ohio-1585, ¶ 60. In ascertaining the intent of the parties, the court must presume that the intent resides in the language the parties chose to employ in the agreement. *Towne Dev. Grp., Ltd. v. Hutsenpiller Contrs.*, 12th Dist. Butler No. CA2012-09-081, 2013-Ohio-4326, ¶ 17.

**{¶ 17}** "A contract that is, by its terms, clear and unambiguous requires no interpretation or construction and will be given the effect called for by the plain language of the contract." *Cooper v. Chateau Estate Homes, L.L.C.*, 12th Dist. Warren No. CA2012-07-061, 2010-Ohio-5186, ¶ 12. A contract is ambiguous if its provisions are susceptible to two or more reasonable interpretations. *Id.* Whether a contract's terms are clear or ambiguous is a question of law for the court. *O'Bannon Meadows Homeowners Assn., Inc. v. O'Bannon Properties, L.L.C.*, 12th Dist. Clermont No. CA2012-10-073, 2013-Ohio-2395, ¶ 20.

**{¶ 18}** "Often the intended meaning of a word or phrase may be clear when that word or phrase is considered in the context of other words or phrases in the contract." *EnQuip Techs. Grp. v. Tycon Technoglass*, 2d Dist. Greene No. 2011-CA-39, 2012-Ohio-6181, ¶ 16.

Thus, the intended meaning of any part of the parties' contract should be determined in light of the whole contract. *Dayton Outpatient Ctr., Inc. v. OMRI of Pensacola, Inc.*, 2d Dist. Montgomery No. 26169, 2014-Ohio-4105, ¶ 13.

{¶ 19} As noted above, the TOD account contract contained the following provision:

> If the Account Owner becomes incompetent, a court appointed guardian or conservator, or an agent acting under durable power of attorney that is satisfactory to MLPF&S, may give instructions on the TOD Account to the extent of their authority. A court appointed guardian or conservator, or agent acting under a durable power of attorney, shall not have the authority to enter into, alter or revoke the Agreement and designation of Beneficiaries, except by obtaining an authorizing order from a court of competent jurisdiction and presenting a certified copy of that order to MLPF&S.

{¶ 20} The trial court found that the power of attorney did not violate the provision contained in the TOD account contract because Speakman was never found incompetent and never changed the transfer on death beneficiary of the TOD account.

{¶ 21} Appellant disputes the trial court's interpretation, and instead claims that the provision is much broader in scope. Emphasizing the second sentence of the provision, appellant argues that an attorney-in-fact needs a court order to withdraw any funds from the TOD account.

{¶ 22} Based on our review, we agree with the interpretation of the trial court. The second sentence of the relevant provision does require an "authorizing order" prior to the alteration or revocation of the TOD account. However, when the clause is taken in proper context and in light of the entire contract, it is clear that appellant's position is misguided. The provision that appellant relies on is constrained to instances in which the account owner becomes incompetent. *See Drone Consultants LLC v. Armstrong*, 12th Dist. Warren Nos. CA2015-11-107 and CA2015-11-108, 2016-Ohio-3222, ¶ 22 (courts should read contracts as a whole and gather the intent of each part from the whole). It is undisputed that Speakman

was never declared incompetent. Thus, appellant's reliance on the contractual language in the TOD account is misplaced. Appellant's argument with respect to the language of the contract is without merit.

**Uniform Power of Attorney Act**

**{¶ 23}** Appellant also argues that Frederick and Nancy violated terms of the Uniform Power of Attorney Act. A power of attorney "is a written instrument authorizing an agent to perform specific acts on behalf of his principal." *Testa v. Roberts*, 44 Ohio App.3d 161, 164 (6th Dist.1998). Ohio adopted the Uniform Power of Attorney Act in March of 2012. *McFarren v. Emeritus at Canton*, 5th Dist. Stark No. 2013CA00040, 2013-Ohio-3900, ¶ 17.

**{¶ 24}** R.C. 1337.36 details the persons who may petition a court to construe a power of attorney or review the agent's conduct. Among those persons listed in the statute is a "person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death." R.C. 1337.36(A)(6).

**{¶ 25}** The duties of an agent under the Act are provided in R.C. 1337.34, which states:

> (A) Notwithstanding provisions in the power of attorney, an agent that has accepted appointment shall do all of the following:
>
> * * *
>
> (4) Attempt to preserve the principal's estate plan to the extent actually known by the agent if preserving the plan is consistent with the principal's best interest based on all relevant factors, including all of the following:
>
> (a) The value and nature of the principal's property;
>
> (b) The principal's foreseeable obligations and need for maintenance;
>
> (c) Minimization of taxes, including income, estate, inheritance, generation-skipping transfer, and gift taxes;
>
> (d) Eligibility for a benefit, a program, or assistance under a

statute or regulation.

**{¶ 26}** Based on our review, we find the trial court's decision does not address whether appellees complied with R.C. 1337.34 with respect to Speakman's estate plan. Therefore, we remand this matter for further findings of fact. *See, e.g., Smith v. Smith*, 12th Dist. Clermont No. 2017-Ohio-7463, ¶ 19 (trial court findings necessary to facilitate meaningful appellate review). We recognize that appellant's argument largely centered on the contractual dispute detailed above, however the issue was disputed by the parties and evidence was adduced as to Speakman's estate plan. At trial, there was evidence that Speakman set up the TOD arrangement prior to her final illness and that she wanted the funds from the TOD account to go to appellant. There was also evidence that Frederick was aware of the TOD arrangement, but nevertheless withdrew funds from the TOD account and deposited the money into Speakman's individual account. Ultimately, the funds in the individual account became probate property subject to the terms of the will.

**{¶ 27}** In remanding this matter to the trial court, we emphasize that there is no allegation that appellees acted out of self-interest in the transfer of the funds from the TOD account to the Huntington account. The evidence at trial was that Speakman's individual account had fallen to $13,000 while she was still alive and in nursing care. The funds in the TOD account were still Speakman's property while she was alive and appellant did not have any right to control the funds in the TOD account. Although the power of attorney provided Frederick and Nancy with authority to manage Speakman's assets, they were obligated to act in accordance with the power of attorney agreement and the terms of the Ohio Revised Code. As previously noted, R.C. 1337.34 requires a power of attorney to "attempt to preserve the principal's estate plan to the extent actually known by the agent if preserving the plan is consistent with the principal's best interest based."

**{¶ 28}** Frederick testified that he removed $50,000 from the TOD account for

- 7 -

anticipated future health care and nursing home expenses and placed those funds in the Huntington account. Following the initial withdrawal of money from the TOD account, Speakman's house was sold and the proceeds from the sale were deposited into the Huntington account. Thereafter, Frederick testified that he withdrew the balance of the TOD account because the account was "losing money." As this court is not a finder of fact, we remand this matter, direct the trial court to determine whether Frederick acted consistently with R.C. 1337.34 in the withdrawal of the TOD funds, and take any necessary action consistent with that determination. Accordingly, we reverse the decision of the trial court and remand this matter for further proceedings.

{¶ 29} Judgment reversed and remanded.

S. POWELL, P.J., and M. POWELL, J., concur.