[Cite as *Huber v. Inpatient Med. Servs., Inc.*, 2018-Ohio-4686.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MICHAEL N. HUBER, M.D. | | C.A. No. 28887 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2016-07-3169 |
| INPATIENT MEDICAL SERVICES, INC., et al. | | |
| Appellees | | |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2018

CALLAHAN, Judge.

{¶1} Appellant, Dr. Michael Huber, appeals a judgment of the Summit County Court of Common Pleas that dismissed his complaint. This Court affirms in part and reverses in part.

I.

{¶2} In 2014, Dr. Michael Huber and his wife, Kristen Huber, filed a complaint against Inpatient Medical Services, Inc. ("IMS") and IMS Holdings, Inc., alleging various claims in connection with the termination of Dr. Huber's employment. IMS and IMS Holdings counterclaimed, alleging a breach of loyalty and fiduciary duty, conversion, unjust enrichment, and negligent and intentional misrepresentation arising out of Dr. Huber's employment. Between March 22, 2016, and May 24, 2016, the Hubers filed a series of notices that purported to voluntarily dismiss their claims under Civ.R. 41(A)(1)(a). Trial commenced on IMS and IMS Holdings' counterclaims only, resulting in a verdict in favor of the Hubers.

{¶3} Shortly before the trial began, the Hubers filed a second case that reasserted four of their original claims. The Hubers later filed an amended complaint that included three additional defendants and asserted additional claims for breach of fiduciary duties and constructive discharge. The named defendants—IMS, IMS Holdings, IMS Intermediate Holdings, Sverica International Investment Fund III, L.P., and Sverica Capital Management LLC (collectively, "the IMS Defendants")—moved to dismiss the complaint, or, in the alternative, for summary judgment, alleging that the Hubers' previously filed claims were barred by res judicata and that the new claims were filed in the improper venue according to a forum selection clause. The trial court considered the motion as a motion for summary judgment and dismissed all of Dr. Huber's claims.[1] Dr. Huber appealed, raising four assignments of error.

II.

**STANDARD OF REVIEW**

{¶4} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co*., 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.

---

[1] Mrs. Huber notified the trial court of her intention to "withdraw[]" her claims in the Hubers' response to the IMS Defendants' motion to dismiss.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES UNDER THE DOCTRINE OF *RES JUDICATA*.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES UNDER THE DOCTRINE OF *RES JUDICATA* ON CLAIMS WHICH DID NOT ARISE UNTIL AFTER THE PLEADINGS IN THE RELATED CASE WERE FILED.

{¶5} As an initial matter, this Court notes that Dr. Huber's brief does not comply with App.R. 16(A), App.R. 12(A)(2), and Loc.R. 7(B) and (F), which require that the appellant's brief contain a statement of the assignments of error. App.R. 16(A)(3); Loc.R. 7(B)(3). The appellant must then separately argue each assignment of error, including supporting authority and citations to the record. App.R. 16(A)(7); Loc.R. 7(B)(7). This Court may disregard assignments of error if the appellant fails to argue them separately in the brief. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10; *see also* App.R. 12(A)(2).

{¶6} Dr. Huber listed four assignments of error at the beginning of his appellate brief. In the argument portion of his brief, however, he failed to identify and separately discuss each assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7); Loc.R. 7(B)(7); *Village of Boston Hts. v. Brewer*, 9th Dist. Summit No. 28216, 2017-Ohio-7042, ¶ 5. Dr. Huber did provide some headings that structure his argument to a degree, but his brief consists mostly of intertwined arguments.

{¶7} Notwithstanding Dr. Huber's failure to comply with the requirements of these rules, this Court will address his arguments to the extent that they relate to the assignments of

error set forth at the beginning of his brief and are identified by the headings that he has provided. *See Hall v. Silver*, 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 10-12.

{¶8} Dr. Huber's first and second assignments of error and the first portion of his argument maintain that the trial court erred by granting summary judgment to the IMS Defendants and dismissing his claims on the basis of res judicata.

{¶9} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. Res judicata incorporates the concepts of both claim preclusion and issue preclusion. *Id.* at 381. "With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7, citing *Grava* at 381. In addition, "an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit." *Id.* In both situations, the existence of a final judgment is a prerequisite to the application of res judicata. "[W]hen a court declines to consider an issue—in effect rendering no judgment at all on the merits—there has not been a final judgment on the merits for purposes of res judicata." *FOP v. Akron*, 9th Dist. Summit No. 23668, 2007-Ohio-7033, ¶ 19, citing *State ex rel. Kroger Co. v. Indus. Comm. of Ohio*, 80 Ohio St.3d 649, 652 (1998).

{¶10} Civ.R. 41(A)(1)(a) provides that "a plaintiff, without order of the court, may dismiss *all claims asserted by that plaintiff against a defendant* by * * * filing a notice of dismissal at any time before the commencement of trial * * * [.]" (Emphasis added.)

Recognizing that this language is clear and unambiguous, the Ohio Supreme Court has concluded that a voluntary dismissal under Civ.R. 41(A)(1)(a) can only operate to dismiss all claims that a plaintiff has pending against a defendant. *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 18. "[Civ.R. 41(A)(1)(a)] does not allow for the dismissal of a *portion* of the claims against a certain defendant" because it "applies to discrete parties, not discrete causes of action." (Emphasis in original.) *Id.* "[B]ecause Rule 41(A)(1) does not permit a party to voluntarily dismiss anything less than all of its claims against any one party[,]" any attempt to do so is a nullity. *Perez Bar & Grill v. Schneider*, 9th Dist. Lorain No. 09CA009573, 2010-Ohio-1352, ¶ 7, citing *Pattison* at ¶ 18.

{¶11} In his appellate brief, Dr. Huber recognizes that the language of Civ.R. 41(A)(1)(a) does not permit piecemeal dismissals of claims against a defendant. He also acknowledges that this is precisely what he attempted in the 2014 litigation. Civ.R. 41(A)(1)(a), however, did not permit Dr. Huber to dismiss anything less than all of the claims against IMS and IMS Holdings, and his attempts to do so were nullities. *See Perez Bar & Grill* at ¶ 7. As a result, each of those claims is still pending in the 2014 litigation, and there has not been a final resolution on the merits for purposes of res judicata. *See FOP* at ¶ 19. The trial court erred by dismissing Dr. Huber's claims on that basis, and his first and second assignments of error are sustained.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE APPELLANT'S BREACH OF FIDUCIARY DUTY CLAIMS FOR LACK OF VENUE.

{¶12} Dr. Huber's third assignment of error and the next section of his brief argue that the trial court erred by concluding that the forum selection clause in the parties' Limited Liability

Agreement is mandatory, that the trial court erred by dismissing his claims on this basis, and that, in any event, the IMS Defendants waived application of the forum selection clause by litigating Dr. Huber's employment claims in the 2014 litigation.

{¶13} "Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc*., 66 Ohio St.3d 173 (1993), syllabus. The determination of whether a forum selection clause is enforceable is a question of law that this Court reviews de novo. *See Original Pizza Pan v. CWC Sports Group, Inc.*, 194 Ohio App.3d 50, 2011-Ohio-1684, ¶ 10 (8th Dist.), citing *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1104 (6th Cir.1997).

{¶14} Forum selection clauses are usually classified as either permissive or mandatory. *State ex rel. Cordray v. Markedonoja Tabak 2000*, 189 Ohio St.3d 73, 2010-Ohio-2903, ¶ 15, citing *Emerald Grande, Inc. v. Junkin*, 334 Fed.Appx. 973, 975 (11th Cir.2009). "A permissive clause authorizes jurisdiction in a designated forum, but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the agreement." *Markedonoja Tabak 2000* at ¶ 15. A forum selection clause is mandatory when it specifies that litigation will be brought within a designated forum and reflects the parties' intent that jurisdiction in that forum is exclusive. *EI UK Holdings, Inc. v. Cinergy UK, Inc.*, 9th Dist. Summit No. 22326, 2005-Ohio-1271, ¶ 21. For example, when a forum selection clause does not refer specifically to venue and contains no language indicating that the referenced forum is exclusive, it is permissive with respect to jurisdiction. *See id.* at ¶ 22. A forum selection clause that authorizes jurisdiction in one forum but does not prohibit jurisdiction elsewhere is not

mandatory. *Dayton Outpatient Ctr., Inc. v. OMRI of Pensacola, Inc.*, 2d. Dist. Montgomery No. 26169, 2014-Ohio-4105, ¶ 5. Similarly, when the words "may" or "should" are used, it signifies the parties' intent that a forum selection clause is permissive. *Markedonoja Tabak 2000* at ¶ 16. On the other hand, a forum selection clause that provides that "jurisdiction and venue are *fixed*" in the designated forum contains "words of exclusivity" that make it mandatory. (Emphasis in original.) *Bohl v. Hauke*, 180 Ohio App.3d 526, 2009-Ohio-150, ¶ 20.

{¶15} The forum selection clause in the Limited Liability Agreement[2] at issue in this dispute provides:

> **8.13 Governing Law; Forum.** This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted, construed and enforced in accordance with the internal laws of the State of Delaware. Any proceeding arising out of or relating to this Agreement shall be brought in the courts of the State of Delaware, or, if it has or can acquire jurisdiction, in the United States District Court in Delaware. This provision may be filed with any court as written evidence of the knowing and voluntary irrevocable agreement among the parties to waive any objections to jurisdiction, to venue or to convenience of forum.

The language of this clause unambiguously reflects the parties' intent that the Courts of Delaware will be the exclusive forum for disputes arising from the agreement: it addresses both choice of law and venue and provides that "[a]ny proceeding" related to or arising from the agreement "shall be brought" in Delaware. The trial court did not err by concluding that this forum selection clause is mandatory. Dr. Huber's third assignment of error is overruled.

{¶16} Dr. Huber has also argued that the IMS Defendants waived their ability to assert the forum selection clause by participating in the 2014 litigation. In light of this Court's conclusion that Dr. Huber's claims are still pending in that case, this portion of his assignment of error is premature.

---

[2] Dr. Huber has not challenged the trial court's enforcement of the forum selection clause in any other agreement between the parties.

{¶17} Dr. Huber's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE APPELLANT'S BREACH OF FIDUCIARY DUTY CLAIMS FOR LACK OF VENUE IN VIOLATION OF THE PROCEDURE PRESCRIBED IN OHIO CIV.R. 3(D)

{¶18} Dr. Huber's final assignment of error, combined with the previous section of his brief, argues that the trial court erred by dismissing the claims that were affected by the forum selection clause with prejudice instead of following the procedure contemplated by Civ.R. 3(E)[3]. The IMS Defendants have conceded error in this respect, and this Court agrees.

{¶19} Civ.R. 3(E) provides:

**Venue; No proper forum in Ohio**. When a court, upon motion of any party or upon its own motion, determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state, the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice. If all defendants do not agree to or comply with the conditions, the court shall hear the action.

If the court determines that a proper forum does not exist in another jurisdiction, it shall hear the action.

This Court has observed that Civ.R. 3(E) applies in the enforcement of forum selection clauses.

*See Keehan Tennessee Invest., LLC v. Praetorium Secured Fund I, L.P.*, 9th Dist. Lorain No.

---

[3] Civ.R. 3 was amended effective July 1, 2018, while this appeal was pending. The language that was previously found in Civ.R. 3(D), which is referenced by the parties, is now found in Civ.R. 3(E). The substance of the rule did not change.

15CA010800, 2016-Ohio-8390, ¶ 52. Because Civ.R. 3(E) applies, it is error for a trial court to dismiss a case for improper venue when applying a forum selection clause; the appropriate remedy is to implement the terms of Civ.R. 3(E). *See Barrett v. Picker Internatl., Inc.*, 68 Ohio App.3d 820, 827-828 (8th Dist.1990). Accordingly, the trial court erred by dismissing some of Dr. Huber's claims without considering application of Civ.R. 3(E).

{¶20} Dr. Huber's fourth assignment of error is sustained.

III.

{¶21} Dr. Huber's first, second, and fourth assignments of error are sustained. His third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES B. ROSENTHAL, Attorney at Law, for Appellant.

NANCY M. BARNES and LAURA L. W. SCHULTZ, Attorneys at Law, for Appellees.

MICHAEL T. GASS, Attorney at Law, for Appellees.