[Cite as *Robinholt v. Wilson*, 2023-Ohio-248.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| LYNDA ROBINHOLT | C.A. No. 21CA011782 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT WILSON, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 19-CV-200187 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2023

TEODOSIO, Presiding Judge.

**{¶1}** Plaintiff-Appellant, Lynda Robinholt ("Sister"), appeals from the judgment of the Lorain County Court of Common Pleas, awarding summary judgment to Defendant-Appellee, Robert Wilson ("Brother"), on Sister's complaint. This Court reverses in part and dismisses in part.

I.

**{¶2}** Sister and Brother are the only children of Harold and Edith Wilson. In 2005, the Wilsons established the Harold and Edith Wilson Trust ("the Trust") and named their children as beneficiaries. The Wilsons oversaw the administration of the Trust during their lifetimes and named Brother successor trustee. After Harold Wilson passed away in 2013 and Edith Wilson passed away in January 2017, Brother assumed responsibility for the administration of the Trust.

**{¶3}** Sister and Brother had a contentious relationship, and disagreements quickly ensued regarding his administration of the Trust. Sister ultimately filed suit against Brother in the

Cuyahoga County Court of Common Pleas, Probate Division ("the Cuyahoga Suit"), seeking declaratory and injunctive relief, the removal of Brother as successor trustee, and attorney fees. Discovery disputes plagued the litigation, however, and the matter never proceeded to trial. Sister voluntarily dismissed the Cuyahoga Suit after she publicized sealed documents and her attorney withdrew from representation.

{¶4} A few weeks after Sister's voluntary dismissal, Brother filed a motion for sanctions and attorney fees in the Cuyahoga Suit. Brother sought sanctions and fees against Sister, her former counsel, and her former counsel's law firm for filing a frivolous suit and engaging in misconduct during the proceedings. On February 22, 2018, following an evidentiary hearing, the probate court issued a judgment entry in response to Brother's motion. The probate court found certain allegations in Sister's complaint were known to be false at the time of their filing and others lacked any basis in law. It also found Sister and her counsel had engaged in misconduct during the proceedings. The probate court granted Brother's motion for sanctions and fees and scheduled the matter for a hearing "to establish the reasonable amount of attorney fees to be awarded to [Brother] as well as the assessment of responsibility for the fees as between [Sister's former counsel] and [Sister]." Yet, that hearing never occurred. Brother notified the probate court on May 31, 2018, that he was withdrawing his motion for sanctions and attorney fees due to a settlement having been reached among Brother, Sister's former counsel, and the former counsel's law firm.[1]

{¶5} In December 2018, Brother mailed Sister a check representing her final distribution under the Trust, a final annual report, and a letter notifying her the Trust had been terminated. It was Sister's impression she was owed additional monies under the Trust and Brother had abused

---

[1] Sister was not a party to the settlement agreement.

his role as trustee in a variety of ways. It also was her impression Brother had failed to release and discharge a mortgage she executed in 1999 in favor of their parents. Based on those impressions, Sister took two distinct actions. First, she filed applications for authority to administer her father's and mother's estates in the Cuyahoga County Court of Common Pleas, Probate Division, for the sole purpose of releasing and discharging her mortgage. The estate actions were closed after Brother, whom the probate court appointed as administrator, notified the court that a satisfaction of mortgage had been recorded and delivered. Second, Sister filed the instant suit against Brother in the Lorain County Court of Common Pleas.

{¶6} Sister brought this action against Brother in his individual capacity and as successor trustee of the Trust. Her complaint alleged a claim for breach of fiduciary duty/breach of trust and an accounting claim. After unsuccessfully moving to dismiss Sister's complaint, Brother filed his answer as well as several counterclaims. He brought counterclaims against Sister (1) for advancements and loans she allegedly took from the Trust; (2) for intentional interference with expectancy of inheritance; (3) to have her declared a vexatious litigator; (4) to obtain attorney fees pursuant to statute; (5) to obtain attorney fees pursuant to the Trust; (6) for defamation and defamation per se; and (7) for punitive damages. A contentious period of discovery ensued with a variety of motions to compel, motions for protective orders, and motions for sanctions being filed.

{¶7} Both parties eventually moved for summary judgment on their own claims/counterclaims, as well as on the claims/counterclaims that had been brought against them. Each party filed a brief in opposition to the other's motion for summary judgment, as well as a reply brief in support of their own motion. Upon review of the written motions, the trial court awarded summary judgment to Brother on Sister's claims against him and dismissed her

complaint. The trial court also awarded summary judgment to Sister on Brother's counterclaim against her for intentional interference with expectancy of inheritance. The trial court declined to award summary judgment to either party on Brother's remaining counterclaims. The trial court included in its entry Civ.R. 54(B) language, indicating there was no just cause for delay.

**{¶8}** Sister now appeals from the trial court's summary judgment award in favor of Brother. She raises two assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [BROTHER] AND DISMISSING [SISTER'S] COMPLAINT.

**{¶9}** In her first assignment of error, Sister argues the trial court erred when it awarded summary judgment to Brother on her complaint based on collateral estoppel and issue preclusion. We agree.

**{¶10}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the nonmoving party and must resolve any doubt in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must

be resolved in the nonmoving party's favor. *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶11} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

(Emphasis omitted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶12} The record reflects the trial court awarded summary judgment to Brother based on collateral estoppel and issue preclusion. The court extensively quoted from and relied on the February 22, 2018 judgment entry issued in the Cuyahoga Suit in response to Brother's motion for sanctions and attorney fees. The trial court compared Sister's complaint in this case with the complaint she filed in the Cuyahoga Suit and determined the two complaints were "remarkably similar." The trial court found the February 22nd entry addressed Sister's claims and constituted a final, appealable order that she never appealed. Because it concluded Sister was "collaterally estopped from asserting her complaint in a different county, against [Brother] on substantially the same facts following a valid final judgment entry from which [she] did not appeal[,]" the court awarded summary judgment to Brother on her complaint.

{¶13} "Res judicata incorporates the concepts of both claim preclusion and issue preclusion." *Huber v. Inpatient Med. Servs., Inc.*, 9th Dist. Summit No. 28887, 2018-Ohio-4686, ¶ 9.

> "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."

*Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 44, quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "[T]he existence of a final judgment is a prerequisite to the application of res judicata." *Huber* at ¶ 9. *Accord Glidden Co.* at ¶ 45 (for issue preclusion to apply, "issues must have been determined by a final appealable order").

{¶14} The trial court found the February 22, 2018 judgment entry in the Cuyahoga Suit was a final, appealable order from which Sister never appealed. Because that entry resolved the issues Sister was seeking to litigate in this action, the trial court reasoned, issue preclusion barred her complaint against Brother. Yet, the February 22, 2018 judgment entry only (1) found Brother's motion for sanctions and attorney fees well-taken, and (2) set the matter for further hearing. The entry did not establish the amount of attorney fees or sanctions to be awarded to Brother or the percentage of responsibility for those fees or sanctions.

{¶15} "When a trial court grants a monetary award that is left unresolved, a final, appealable order does not exist." *Robinson v. Robinson*, 9th Dist. Summit No. 21440, 2003-Ohio-5049, ¶ 6. "This remains true even in those instances where such fees have been awarded but the adjudication of an amount has been deferred." *Ft. Frye Teachers Assn. v. Ft. Fyre Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840, 843 (4th Dist.1993). "'[A] judgment which awards attorney

fees but leaves the amount of those fees unresolved does not constitute a final, appealable order.'" *Peto v. Ruschak*, 9th Dist. Summit No. 28196, 2017-Ohio-9304, ¶ 8, quoting *Bilder v. Hayes*, 9th Dist. Summit No. 16704, 1995 WL 28990, *1 (Jan. 25, 1995).

{¶16} The record reflects Brother dismissed his motion for sanctions and attorney fees in the Cuyahoga Suit based on his having reached a settlement with Sister's former attorney and the former attorney's law firm. The probate court never awarded fees or sanctions to Brother in any specific amount or percentage. Thus, its February 22, 2018 judgment entry was not a final, appealable order. *See Peto* at ¶ 8, quoting *Bilder* at *1; *Robinson* at ¶ 6.

{¶17} Although Brother moved for summary judgment on grounds other than issue preclusion, the record reflects collateral estoppel/issue preclusion was the sole basis for the trial court's decision. The trial court explicitly indicated in its entry that it was awarding summary judgment to Brother and dismissing Sister's complaint "based upon collateral estoppel and issue preclusion * * *." Because the Cuyahoga Suit did not result in a final, appealable order, however, the doctrine of issue preclusion did not apply. *See Glidden Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶ 45; *Huber*, 2018-Ohio-4686, at ¶ 9. For this reason, we must conclude the trial court erred when it awarded summary judgment to Brother on Sister's complaint. Sister's first assignment of error is sustained on the foregoing basis.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [SISTER'S] MOTION TO WITHDRAW AND/OR AMEND HER DEEMED RESPONSES TO [BROTHER'S] REQUESTS FOR ADMISSION.

{¶18} In her second assignment of error, Sister argues the trial court abused its discretion when it denied her motion to withdraw and/or amend her responses to Brother's discovery requests. Her responses were deemed admitted due to their untimely filing. Sister argues the trial

court should have allowed her to withdraw and/or amend the admissions pursuant to Civ.R. 36(B). Because Sister has not shown the trial court's ruling was a final, appealable order, however, this Court cannot address the merits of her argument.

{¶19} This Court's jurisdiction is limited to reviewing final judgments and final, appealable orders. *Pietrangelo v. PolyOne Corp.*, 9th Dist. Lorain No. 19CA011550, 2020-Ohio-2776, ¶ 8. "Generally, discovery orders are not immediately appealable because they are interlocutory." *In re Guardianship of Bakhtiar*, 9th Dist. Lorain Nos. 16CA011036, 16CA011038, 2018-Ohio-1764, ¶ 49. "[T]he 'no just reason for delay' language found in Civ. R. 54(B) * * * does not make appealable an otherwise non-appealable order or convert an interlocutory order into a final appealable order." *Russo v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 12366, 1986 WL 5115, *2 (Apr. 30, 1986). To be final and appealable, an order also must satisfy the requirements of R.C. 2505.02. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21. *Accord In re Guardianship of Bakhtiar* at ¶ 49.

{¶20} As previously noted, the trial court awarded summary judgment to Brother on Sister's complaint based on collateral estoppel/issue preclusion. Any admissions Sister was deemed to have made did not relate to that judgment. *Compare Martin v. Gen. Motors Acceptance Corp., N. Am.*, 160 Ohio App.3d 19, 2005-Ohio-1349, ¶ 62 (7th Dist.) (discovery order reviewed where it related to the issues decided by the trial court in its partial grant of summary judgment). The trial court only referenced Sister's admissions in considering whether to award either party summary judgment on Brother's counterclaims. Those counterclaims are not at issue on appeal as (1) Brother did not appeal from the trial court's ruling in favor of Sister on his second counterclaim, and (2) the trial court found summary judgment was not warranted on the remaining counterclaims.

{¶21} Sister has not argued the trial court's ruling on her motion to withdraw and/or amend satisfies any of the requirements set forth in R.C. 2505.02(B). *See, e.g., Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 22387, 2005-Ohio-5103, ¶ 28 (discovery order requiring production of privileged materials may be final, appealable order). This Court will not construct an argument on her behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because Sister has not shown her second assignment of error stems from a final, appealable order, this Court lacks jurisdiction to consider it. *See Pietrangelo* at ¶ 8. This Court, therefore, dismisses Sister's attempted appeal from the trial court's interlocutory ruling on her motion to withdraw and/or amend her responses to Brother's discovery requests.

## III.

{¶22} Sister's first assignment of error is sustained. This Court lacks jurisdiction to review her second assignment of error. The appeal is dismissed in part, and the judgment of the Lorain County Court of Common Pleas is reversed in part. The matter is remanded for further proceedings consistent with this opinion.

> Appeal dismissed in part,
> judgment reversed in part,
> and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JEFFREY W. KRUEGER, Attorney at Law, for Appellant.

ERIC D. VALENTE, Attorney at Law, for Appellant.

MICHAEL J. WILSON, Attorney at Law, for Appellees.