[Cite as *Simms v. Hupp*, 2023-Ohio-3615.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| DAVID SIMMS | C.A. No. 30513 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DIANA HUPP | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. DR-2012-08-2348 |

DECISION AND JOURNAL ENTRY

Dated: October 4, 2023

STEVENSON, Judge.

{¶1} Appellant, David Simms ("Father"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, finding him in contempt for not paying 50% of uninsured healthcare costs for the minor children and ordering him to pay attorney fees on a motion to compel. We decline to address other findings issued by the trial court in its October 27, 2022, judgment entry as Father does not raise any argument on appeal as to the other findings. For the reasons set forth below, this Court reverses in part and affirms in part.

I.

{¶2} Father and Appellee, Diana Hupp fka Simms ("Mother"), divorced in 2013. The trial court's divorce decree incorporated the parties' separation agreement and shared parenting plan. The parties had two minor children at the time of divorce.

{¶3} The divorce decree ordered Mother to "pay the first $100 per calendar year per child towards each child's uninsured or unreimbursed health care costs * * *." The court ordered

that all uninsured healthcare costs above the first $100.00 were to be "apportioned 50% to the Father and 50% to the Mother." When seeking uninsured healthcare reimbursement, as set forth in the shared parenting plan, the requesting party is required to "complete the court's Explanation of Medical Bills Form * * * [and] provide the completed form and any documentation necessary to verify the information on the form to the other parent on a quarterly basis * * *." The owing parent then has 14 days from receipt of the form and supporting documentation to "make full payment * * *."

{¶4} Relevant to this appeal, Mother moved for contempt in 2019, alleging that Father had not reimbursed her for any of the children's healthcare expenses since the execution of the shared parenting plan. A hearing on Mother's motion, as well as several other pending motions, was held before a trial court magistrate. The magistrate granted Mother's motion for contempt and set forth the conditions under which Father could purge the contempt. The trial court immediately adopted and entered judgment on the magistrate's decision.

{¶5} Father filed objections to the magistrate's decision. The trial court overruled Father's objections based on his failure to file a praecipe for a transcript or a transcript of the proceedings within 30 days of filing his objections. Father appealed and this Court reversed and remanded the matter in *Simms v. Hupp*, 9th Dist. Summit No. 29823, 2022-Ohio-1158 ("*Simms I*"). This Court concluded in *Simms I* that the Ohio Supreme Court's Covid-19 tolling order, set forth in *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, "tolled any requirement that [Father] file a praecipe or transcript within the thirty-day deadline set forth in Civ.R. 53[.]" *Simms I* at ¶ 11. This Court concluded that "the trial court erred when it overruled [Father's] objections

on the basis that he failed to file [a praecipe or transcript within thirty days of filing his objections]." *Id.*

{¶6}   On remand, the trial court gave Father time to file a praecipe and supplemental briefing.  After extensions of time were granted, and in addition to other rulings, the magistrate again granted Mother's motion for contempt and set forth the conditions under which Father could purge the contempt.  Father's objections to the magistrate's decision were overruled and the trial court adopted and independently entered judgment on the magistrate's decision.

{¶7}   With respect to uninsured healthcare expenses, and the reimbursement thereof, the trial court noted that:

> the Shared Parenting Plan provides that a parent shall 'complete the court's Explanation of Medical Bills Form to reconcile each parent's responsibility for the 'out-of-pocket' health care costs, provide the completed form and any documentation necessary to verify the information on the form to the other parent on a quarterly basis and the parent owing the other shall make full payment within 14 days of receipt.'

The trial court also noted Father's testimony that he never received a quarterly explanation of benefits form from Mother and Mother's acknowledgement that she "failed to provide the agreed upon documentation."   The trial court found that "[n]either party had complied with this [reimbursement of uninsured healthcare expenses] provision until Mother provided a packet in June of 2018 at the mediation."  Even though Mother signed the shared parenting plan on October 31, 2013, she testified that she did not become aware of the quarterly requirement for the reimbursement of uninsured healthcare expenses until June, 2018.

{¶8}   The trial court held that, even though Mother did not submit an explanation of medical benefits form and supporting documentation to Father on a quarterly basis, this did not excuse Father's "non-payment of his portion of the child's out-of-pocket medical expenses * * *." The trial court gave Mother 60 days to provide Father with an explanation of medical bills form

and any other documentation required by the shared parenting plan. The trial court limited the time period at issue to those uninsured medical expenses incurred between January 1, 2017, and April 15, 2019.[1]

{¶9} The trial court ordered that a hearing be set to determine whether Mother provided the documentation to Father and, if yes, for the trial court to determine Father's share of medical expenses. If Mother failed to produce the required documentation, her request for reimbursement would be denied. If the required documentation was produced, the Court stated that it would schedule a purge hearing in 120 days to determine whether Father purged his contempt. The purge hearing has been continued several times while this matter is on appeal. A final hearing has yet to be scheduled.

{¶10} The trial court also ordered Father to pay Mother the attorney fees she incurred in filing her September 17, 2019 motion to compel. In her motion to compel, Mother sought a court order compelling Father to fully answer her first combined discovery request, including interrogatories and requests to produce. Mother asserted that Father's objections to certain interrogatories and requests to produce should be overruled and that she was entitled to an award of expenses, including reasonable attorney fees. The trial court granted Mother's motion to compel on October 1, 2019, noting that "[a]n award of expenses exhausted by [Mother], including reasonable attorney fees, may be decided by separate order after review of affidavit."

---

[1] Wife testified that, from the time of the parties' divorce through April 30, 2017, the minor children were covered through Buckeye health insurance and that there were no uncovered medical costs. The children were no longer eligible for Buckeye health insurance after Wife remarried. Wife married David Hupp in 2016. The testimony was that, effective May 1, 2017, the children went on David Hupp's health insurance plan and, starting at that time, Wife started to incur uncovered medical costs for the children.

**{¶11}** The trial court overruled Father's objections and ordered Father to pay Mother $981.00 for the attorney fees she incurred in filing her motion to compel. The trial court held:

> A review of the record demonstrates some of the items requested in the Motion to Compel included [Father's] bank and credit statements – documentation which is pertinent and necessary to evaluate [Father's] testimony of whether he had paid towards the minor children's extra-curricular activities.[2]

The trial court determined that the magistrate's award of $981.00 for attorney fees "was equitable in accordance with R.C. § 3105.73 * * *."

**{¶12}** Father appeals the trial court's judgment entry that held, in addition to other rulings, Father is responsible for 50% of the minor children's uninsured or unreimbursed health care costs even though Mother failed to submit explanation of medical bills forms and supporting documentation on a quarterly basis. Father also appeals the trial court's ruling that he is to pay Mother's attorney fees incurred in the filing of her September 17, 2019, motion to compel. Father raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT'S DECISION FINDING MR. SIMMS IN CONTEMPT OF COURT IS AN ABUSE OF DISCRETION, LACKS SUFFICIENT EVIDENCE TO MAKE SUCH A FINDING, AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶13}** Father maintains in his first assignment of error that the trial court erred in adopting the magistrate's decision, which he claims modified the terms of the parties' shared parenting plan regarding the reimbursement of uninsured healthcare expenses. We agree.

---

[2] The trial court's ruling regarding the payment of the minor children's extra-curricular activities is not at issue in this appeal.

**{¶14}** Generally, "the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶15}** Father maintains that the shared parenting plan, adopted by the trial court and made a court order, unambiguously set forth the process for the reimbursement of uninsured healthcare expenses for the minor children. Because Mother did not provide the required completed form and documentation on a quarterly basis, as required by the shared parenting plan, Father argues that he cannot be held in contempt for not paying his portion of the children's medical expenses. We agree.

**{¶16}** "A shared parenting plan * * * is a contract." *Boldt v. Boldt*, 9th Dist. Summit No. 18736, 1998 WL 852717, *3 (Dec. 9, 1998). Accordingly, in interpreting and enforcing provisions of a shared parenting plan, a court must follow the rules of contract construction and interpret the shared parenting plan "so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus.

**{¶17}** "The intent of the parties is presumed to reside in the language they chose to use in their agreement." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996). "Accordingly, when that language contained within the contract is unambiguous, 'a court may look no further than the writing itself to find the intent of the parties.'" *Erwin v. Erwin*, 9th Dist. Wayne No. 13CA0009, 2014-Ohio-874, ¶ 14, quoting *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720, ¶ 37. "If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning." *Pastor v. Pastor*, 9th Dist. Summit No. 26789, 2013-Ohio-4174, ¶ 7.

**{¶18}** "[B]ecause the construction of written contracts is a matter of law, [an appellate court] must make a de novo review of the meaning of the shared parenting plan." *Harbottle v. Harbottle*, 9th Dist. Summit No. 20897, 2002-Ohio-4859, ¶ 43; *Watkins v. Williams*, 9th Dist. Summit No. 22162, 2004-Ohio-7171, ¶ 23 ("any assessment of whether a contract is ambiguous, is a question of law subject to a de novo review on appeal"); *Metcalf v. Akron*, 9th Dist. Summit No. 23068, 2006-Ohio-4470, ¶ 17 ("If a contract is unambiguous, its interpretation is a matter of law unaccompanied by the need for factual determinations.").

**{¶19}** The parties' shared parenting plan provided for the reimbursement of uninsured healthcare expenses for the minor children. The shared parenting plan stated:

> For uninsured healthcare of the children, including behavioral therapy or other therapies for the children not covered by insurance, the costs shall be paid 50% by the Father and 50% by the Mother. Both parents shall receive copies of all of the children's health care bills and insurance reimbursements.
>
> Mother and Father shall each complete the court's Explanation of Medical Bills Form to reconcile each parent's responsibility for the 'out-of-pocket' health care costs, provide the completed form and any documentation necessary to verify the information on the form to the other parent on a quarterly basis and the parent owing the other shall make full payment within 14 days of receipt.

{¶20} Ohio courts have consistently recognized that, when used in a statute, contract, or the like, the word "shall" connotes a mandatory obligation. Black's Law Dictionary (11th Ed.2019); *Huber v. Inpatient Med. Servs., Inc.*, 9th Dist. Summit No. 28887, 2018-Ohio-4686, ¶ 15 (this Court recognized that a contractual provision including the word "shall" was mandatory). Accordingly, the submission of the court's explanation of medical benefits form and supporting documentation was a mandatory obligation for the parent seeking the reimbursement of uninsured healthcare expenses. Once the form and supporting documentation was submitted, the owing parent had a mandatory obligation to make full payment within 14 days.

{¶21} The terms of the parties' shared parenting plan, specifically the health insurance provision contained therein, are unambiguous. In fact, the trial court never found that the parties' shared parenting plan is ambiguous. As the terms are unambiguous, the court "'may look no further than the writing itself to find the intent of the parties.'" *Erwin*, 9th Dist. Wayne No. 13CA0009, 2014-Ohio-874, at ¶ 14, quoting *Sunoco*, 129 Ohio St.3d 397, 2011-Ohio-2720, at ¶ 37.

{¶22} While Mother, on occasion, texted or e-mailed an explanation of benefits, estimate, or alleged medical bill to Father, neither Mother nor Father testified as to what was specifically texted or e-mailed. Regardless, it is undisputed that Mother did not submit to Father an explanation of medical bills form or supporting documentation on a quarterly basis. Mother testified that she did not complete and submit an explanation of medical bills form until June 20, 2018, when she hand-delivered said form to Father at mediation. While Mother submitted the form to Father in June, 2018, she did not provide supporting documentation.

{¶23} The health insurance provision of the parties' shared parenting plan is similar to the provision that was before the court in *S.P. v. M.G.*, 2d Dist. Greene No. 2020-CA-42, 2021-Ohio-

1744. The appellate court in *S.P.* ruled that a parent could not be reimbursed for medical expenses when she failed to follow the unambiguous terms of the parties' shared parenting plan. *Id*. at ¶ 140. Like the provision in this case, the parties' shared parenting plan in *S.P.* stated that "[t]he parties shall provide each other with a copy of all medical bills, amounts paid, and by whom for the minor child(ren) on a quarterly basis." *Id.* at ¶ 139. Once the required information was provided on a quarterly basis, the owing parent had 30 days to make "[p]ayment for all uncovered medical expenses[.]" *Id.*

{¶24} In its decision, the appellate court noted the trial court's finding that "Mother failed to provide Father with copies of uncovered medical bills on a quarterly basis as required by the Shared Parenting Plan[]" and that "only one $75 payment was properly submitted to Father as required by the Plan." *Id.* at ¶ 138. The court recognized that mother had no entitlement to the reimbursement of those bills that she failed to submit to father on a quarterly basis as required by the parties' shared parenting plan.

{¶25} In this case, the parties' shared parenting plan unambiguously states that, "to reconcile each parent's responsibility for the 'out-of-pocket' health care costs," the requesting parent is required to "complete the court's Explanation of Medical Bills Form" and submit "any documentation necessary to verify the information on the form to the other parent on a quarterly basis * * *." The health insurance provision specifically provides that the requesting parent "shall" complete the required form and submit the supporting documentation on a quarterly basis. Once the required form and supporting documentation is submitted, on the required quarterly basis, the owing parent "shall make full payment within 14 days of receipt." The trial court ignored the mandatory requirements of the shared parenting plan.

{¶26} In finding Father in contempt, the trial court ignored the unambiguous court-ordered requirement that the parent requesting the reimbursement of uninsured healthcare expenses submit to the owing parent, on a quarterly basis, the required medical bills form with verifying documentation. As Mother failed to comply with this mandatory obligation of the parties' shared parenting plan, the trial court erred when it found Father in contempt and excused Mother from such compliance. Father's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THAT THE LACHES DEFENSE APPLIED TO THE CHILDREN'S MEDICAL EXPENSES BECAUSE MOTHER DID NOT SUBMIT THE BILLS TIMELY AND HAS NEVER GAVE FATHER OR THE COURT PROOF THAT SHE PAID SAID EXPENSES.**

{¶27} Father argues in his second assignment of error that the trial court erred and abused its discretion when it failed to find that the laches defense applied to Mother's request for the children's uninsured medical expenses. Based on our conclusion in the first assignment of error, Father's second assignment of error is moot.

## ASSIGNMENT OF ERROR III

**THE COURT ABUSED ITS DISCRETION IN ORDERING FATHER TO PAY MOTHER'S ATTORNEY'S FEES IN RELATION TO MOTHER'S MOTION TO COMPEL DISCOVERY.**

{¶28} Father argues in his third assignment of error that the trial court abused its discretion in ordering him to pay mother's attorney fees in relation to her motion to compel discovery. We disagree.

{¶29} Mother moved to compel on September 17, 2019, requesting a court order compelling Father to fully answer her first combined discovery request that included interrogatories and requests to produce. The court granted Mother's motion and it subsequently

ordered Father to pay Mother $981.00 for attorney fees incurred in the filing of her motion to compel. Father argues that the trial court abused its discretion in ordering him to pay Mother's attorney fees as Mother "purposely engaged in overbroad discovery that produced nothing of evidentiary value and [Mother] should not now be able to 'create' attorney's fees and try to collect same." Father also argues that the trial court abused its discretion when calculating the amount of owed attorney fees. According to Father, "the amount of time that would have been required to compel the discovery would be at most, 2.5 hours, including a couple letters to Father's counsel and the filing of the Motion. The Court simply comes up with $981 out of nowhere and same is an abuse of discretion."

{¶30} The trial court awarded attorney fees "in accordance with R.C. § 3105.73[.]" R.C. 3105.73(B) states:

> In any post-decree motion or proceeding that arises out of an action for divorce * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.

While R.C. 3105.73(C) provides that the court may award attorney fees under R.C. 3105.73 and "any other provision of the * * * the Rules of Civil Procedure[,]" the trial court specifically awarded attorney fees pursuant to R.C. 3105.73(C) rather than Civ.R. 37(A)(5).

{¶31} "Because R.C. 3105.73(B) gives a trial court broad discretion to award attorney's fees, we review such an award for an abuse of discretion." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 16. As previously set forth, an abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶32} After considering the record in this case, we cannot say that the trial court abused its discretion in awarding Mother $981.00 in attorney fees for the filing of her motion to compel.

Even though some of the materials produced by the motion to compel were not introduced at trial, this does not mean that the attorney fees award is inequitable. But for Father's failure to respond to Mother's discovery requests, including interrogatories and requests for production, Mother would not have incurred attorney fees in filing a motion to compel. The trial court noted that some of the items requested in the motion to compel were pertinent and necessary to evaluate whether Father paid towards the minor children's extra-curricular activities. The trial court's ruling with respect to the minor children's extra-curricular activities is not an issue in this appeal.

{¶33} Mother requested $1,500.00 in attorney fees for the filing of her motion to compel and the trial court awarded $981.00. The trial court stated that, in awarding attorney fees, it "reviewed the affidavit provided outlining attorney fees" and "[c]onsider[ed] all factors set forth in this Court's Local Rule 25 and ORC § 3105.73 * * *." Mother testified as to the attorney fee invoices, which were admitted as evidence, and Father's counsel had an opportunity to cross-examine Mother. The trial court determined that "the award to [Mother] of $981.00 in attorney fees is equitable."

{¶34} Given the record before us, we conclude that the trial court did not abuse its discretion in awarding Mother attorney fees for the filing of her motion to compel. Further, we cannot say that the trial court abused its discretion in determining that $981.00 in attorney fees for the filing of a motion to compel is equitable. Father's third assignment of error is overruled.

### III.

{¶35} Father's first assignment of error is sustained and, accordingly, his second assignment of error is moot. Father's third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed in part and affirmed in part, and the matter is remanded to the trial court for the correction of the judgment

entry regarding the ruling on the reimbursement of uninsured healthcare expenses for the minor children. Father's appeal only raised an issue with the trial court's ruling as to the reimbursement of uninsured healthcare expenses for the minor children and the attorney fees award on Mother's motion to compel. Accordingly, we take no action with respect to the remainder of the trial court's judgment entry.

> Judgment affirmed in part,
> reversed in part, and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

LEE GROSSCUP, Attorney at Law, for Appellee.